**FILED**

2004 MAY 24 P 5:02

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

<u>United States District Court</u>
<u>District Of Connecticut</u>

| Akov Ortiz | Civil Action No. |
| Plaintiff, | 3:02 cv 1369 (JCH)(HBF) |
| vs. | |
| J. Brymer, | |
| Yepes, | |
| Defendants' | May 18, 2004 |

<u>Memorandum Of Law In Support</u>
<u>Of Plaintiff's Motion In Opposition</u>
<u>To Defendants' Motion For</u>
<u>Summary Judgment</u>

I. <u>Preliminary Statement</u>

This is a 42 U.S.C. § 1983 action filed by the pro se plaintiff. This case is arising out of the defendants' failure to train and supervise, and violent excessive force against the plaintiff. The defendants' Unconstitutional conduct ultimately led to and caused the plaintiff to be

unjustifiably shot and violently assaulted and beaten! Plaintiff sustained serious, multiple and permanent injuries.

II. <u>Legal Standard of Summary Judgment</u>

The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. <u>Anderson V. Liberty Lobby, Inc</u>, 477 U.S. at 255. In determing a summary judgment motion, the Courts function is not to assess the truth of the matter asserted. <u>Anderson</u>, 477 U.S. at 249. The Court may not make credibility determinations, or weigh the evidence. <u>Id. at 252</u>. While the movant bears the initial responsibility of informing the Court of the basis for it's motion and identifying those portions of their record which demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. V. Catrett</u>, 477 U.S. 317, 322-23 (1986), the non-movant party must then make a showing sufficient to establish the

-2-

existence of an element essential to that party's case and on which that party will bear the burden of proof at trial". Celotex Corp, 477 U.S. at 323: Acevedo V. Forcinito, 820 F. Supp. at 887. Fed. R. Civ. P. 56(e). A party seeking to defeat a summary judgment motion cannot rely on mere speculation or conjecture as to the true nature of facts to overcome a motion. Lipton V. Nature Co., 71 F.3d 464, 469 (2d Cir. 1995).

Pleadings filed by pro se prisoners are held to less stringent standards than formal pleadings drafted by lawyers. Haines V. Kerner, 404 U.S. 519 (1972). Also See: Boguslavsky V. Kaplan, 159 F.3d 715 (2nd Cir. 1998) Pro Se litigant is allowed some degree of flexibility in pleading his action.

III. Legal Argument

A. The defendants' allege that the facts and evidence in this case revert no basis

for the imposition of the Eighth Amendment, and that they are entitled to qualified immunity. The defendants' argument and claims are legally frivolous and lack legal standing.

Please see the genuine material facts of evidence at:
Exhibit A. -- Plaintiff's Affidavit;
Exhibit B. -- State Police Statement by plaintiff;
Exhibit C. -- Appellate Court Brief;
Exhibit D. -- Middletown Police Department Investigation - Warrant by LT. David Gervais; and
Exhibit E. -- Superior Court transcript of testimony of defendant Yepes.

The crucial facts in this case show that on August 10, 1999 members of the Middletown Police set up an unlawful plan to ambush the plaintiff. The ambush and attack of the plaintiff was planned and executed in order to apprehend the plaintiff. In Middletown at a field behind Wesley

- 4 -

School, members of the Middletown Police including defendant Yepes, hid in the woods and reeds like a bunch of hoodlums'. This grotesque conduct was directly due to defendant J. Brymer as the supervisory official he failed to train and supervise his subordinates, which led to and caused the described Unconstitutional Violations.

It is clear from the evidence that the Middletown Police — defendants' very deviously planned to surprise the plaintiff in the dark of the night, and that unlawfully they did not plan to and did not use any lights, did not identify themselfs as Police, and utterly failed to act as law enforcement officers. In the a.m. hours of August 11, 1999 (pursuant to the Naval Observatory there was a new moon, meaning there was no moon out and very dark See Exhibit C. Appellate Brief) the plaintiff was peacefully walking through the field when two unidentified individuals ambushed him, the individuals had guns

—5—

which they drew on plaintiff, raising them up to shoot him. At no time did these individuals identify themselfs as Police Officers. Therefore the plaintiff in self defense due to his life, safety and well being was profoundly threatened, he repelled the attack by shooting at said attackers. Both of the individuals fell to the ground. The plaintiff was not harmed by these two attackers. Thereafter the plaintiff saw strobe lights coming from the direction of the school. Plaintiff immediately realized what was happening and he laid down on the ground.

   While plaintiff was laying on the ground, defendant Yepes ran out of the dark towards him and shot plaintiff in the back of his leg. See Exhibit A. that the plaintiff positively identifys defendant Yepes as the person who ran towards him and who shot him (he saw the gunshot fash) and as the person who then jumped on his back. Exhibits A, B, C, D and E fully substantiate that defendant Yepes was present at the

—6—

scene, that he is in fact the person who unjustifiably shot the plaintiff, and that indeed the plaintiff was in fact shot. With emphasis: there was no justified or any legitimate law enforcement need to shoot the plaintiff. The incident was over and the plaintiff realized what was happening, thereby surrendering by laying on the ground. It was unreasonable and completely unnecessary. <u>Graham V. Connor</u>, 409 U.S. 386, 395, 109 S.Ct. 1865 (1989); <u>United States V. Schatzle</u>, 901 F.2d 252, 254 (2d Cir. 1990). -- It was a malicious and reckless act for defendant Yepes to shoot the plaintiff who clearly surrendered, was not resisting, and who was laying on the ground prone. See <u>Graham V. Connor</u>, 490 U.S. at 397. Such force cannot be considered objectively reasonable, -- it constitutes excessive force. Defendant J. Brymer as the Supervisory Official is personally liable for these violations due to his deliberate indifference and gross negligence in training staff. See <u>Owens V. Haas</u>, 601 F.2d 1242, 1246 (2d Cir.), cert. denied,

-7-

444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979) [**14] (municipality liable for gross negligence in training staff.) Supervisory liability as a matter of law may be imposed in this case. See Colon V. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995); Williams V. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986); McCann V. Coughlin, 698 F.2d 112, 125 (2d Cir. 1983).

After defendant Yepes had unjustifiably shot the plaintiff, he maliciously and sadistically violently jumped on plaintiff's back, and repeatedly he beat the plaintiff in the face and head with his firearm and fist. This savage beating was completely unnecessary, the plaintiff had already surrendered and was prone on the ground not resisting. Directly due to this violent excessive force the plaintiff sustained serious, multiple injuries to his face and head. See the material facts that the plaintiff did sustain these serious injuries due to the savage violent beating. Exhibit A. at paragraph 25., Exhibit B., and Exhibit C. at page 8.   Bass V. Robinson,

-8-

167 F.3d 1041 (6th Cir. 1999) The plaintiff alleged that police officer put him in headlock and slammed his head against a tree several times even though he was not resisting. The district court granted summary judgment to the defendant, terming his claims "unfounded". This was error; the Court credited the defendants' version of events rather than the plaintiff's.

Pritzker v. City of Hudson, 26 F. Supp. 2d 433 (N.D.N.Y. 1998). The plaintiff, arrested stated a Fourth Amendment claim for excessive force by alleging that a police officer placed handcuffs tightly around his wrists and chained him to a bench. Griffin v. Crippen, 193 F.3d 89 (2d Cir. 1999) (reversing dismissal on summary judgment of claim by inmate that guard beat him while he was handcuffed causing him to suffer a bruised shin and swelling of his knee because there were "genuine issues of material fact" concerning what transpired after [the inmate] was handcuffed.) In this case the genuine issues of material

- 9 -

fact show that the plaintiff had fully surrendered and he was prone on the ground, when unnecessary defendant Yepes shot him and then violently jumped on his back savagely beating him. The Exhibits herein unquestionably show these material facts, and it's indisputable that the plaintiff directly due to this violent excessive force sustained serious, multiple and permanent injuries.

In addition to the above described excessive use of force, defendant Yepes during the same time that he jumped on the plaintiff's back and violently beat plaintiff --- this defendant hit the plaintiff in the head with his gun, and forcefully pinned his head down to the ground with said gun, threatening to kill the plaintiff. See Exhibit A. at paragraph 17.    , and Exhibits B and C.
A prisoner retains at least the right to be free from the terror of instant and unexpected death at the whim of his bigoted custodians. Burton V. Livingston, 791

-10-

F.2d 97, 100 (8th Cir. 1986); Also See <u>Robinson v. Solano County</u>, 278 F.3d 1007 (9th Cir. 2002) Officer's pointing gun at head of suspect actionable as excessive force.

B. The Defendants' Conduct Is Not Protected By The Doctrine Of Qualified Immunity.

The defendants' actions and failure to act as described in the foregoing, was not reasonable and the unlawfulness and unconstitutional violations is so apparent that the defendants' cannot be protected by the Doctrine Of Qualified Immunity. <u>Anderson v. Creighton</u>, 483 U.S. 635, 640, 97 L. Ed. 2d 523, 107 S.Ct. 3034 (1987); Qualified immunity does not act as a shield for individuals who knowingly violate the law (as the defendants' have in this case) <u>Tellier v. Fields</u>, 280 F.3d 69 (2nd Cir. 2001).

C. Defendant J. Brymer Is Not Entitled To Summary Judgment For Failure To Train And Supervise.

-11-

A single, excessive use of force may ... warrent an infrence that it was atthibutable to inadequate training or supervision amounting to "deliberate indifference" or "gross negligence" on the part of official in charge. <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 813 (1985).

The plaintiff restates and incorporates herein by reference each and every allegation in the documentation of this case, including the genuine issues of material fact in the attached hereto exhibits, and the foregoing stated facts and cited cases. Defendant J. Brymer's failure to train and supervise his subordinates ultimately led to and caused the violation of the plaintiff's Constitutional rights. Therefore, as a matter of law he is not entitled to summary judgment.

  Wherefore, for all of the reasons set forth the defendants' motion for summary judgment must be denied, because there are overwhelming genuine issues of material fact in dispute.

- 12 -

Respectfully Submitted
The Plaintiff
*Akov Ortiz* (signature)
Akov Ortiz #262585
Northern C.I.
P.O. Box 665
Somers, CT. 06071

## Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 18th day of May 2004:

Attorney Andrew M. Dewey
Baio and Associates, P.C.
15 Elm Street
Rocky Hill, CT. 06067

By: *Akov Ortiz* (signature)
Akov Ortiz

-13-