UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AKOV ORTIZ : | |
| : | PRISONER CASE NO. |
| v. : | 3:02-cv-1369 (JCH)(HBF) |
| : | |
| J. BRYMER and YEPES : | AUGUST 17, 2004 |

**RULING ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [Dkt. No. 33]**

Plaintiff Akov Ortiz ("Ortiz") brings this civil rights action pro se and in forma pauperis under 28 U.S.C. § 1915, pursuant to 42 U.S.C. § 1983 alleging the use of excessive force in effecting his arrest. Defendant Brymer is the Chief of the Middletown, Connecticut, Police Department. Defendant Yepes is a Middletown Police Officer who participated in Ortiz' arrest. Defendants have moved for summary judgment. For the reasons that follow, defendants' motion is denied.

**I.    Standard of Review**

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Eng'g. Corp., 221 F.3d 293, 300 (2d Cir. 2000). A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'" Miner v. City of Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992).  After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must present "significant probative evidence to create a genuine issue of material fact."  Soto v. Meachum, Civ. No. B-90-270 (WWE), 1991 WL 218481, at *6 (D. Conn. Aug. 28, 1991).  A party may not rely "on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment."  Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987).

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide."  Aldrich, 963 F.2d at 523.  Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).  A party may not create a genuine issue of material fact by presenting contradictory or unsupported statements.  See Sec. & Exch. Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978).  Nor may he rest on the "mere allegations or denials" contained in his pleadings.  Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995) (a party may not rely on

conclusory statements or an argument that the affidavits in support of the motion for summary judgment are not credible). A self-serving affidavit which reiterates the conclusory allegations of the complaint in affidavit form is insufficient to preclude summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990).

II.     **Facts**[1]

The Middletown Police Department received information that Ortiz was planning to meet his girlfriend at the Wesley Elementary School, in Middletown, Connecticut, at approximately 1:00 a.m. on August 11, 1999. At approximately midnight, several police officers went to the school to take positions that would enable them to apprehend Ortiz on an outstanding arrest warrant for domestic violence. Defendant Yepes and another officer were assigned the responsibility of covering a wooded area. Police Detectives Warner and Augeri were assigned positions closer to the planned apprehension area on the field behind the school.

Once Ortiz entered the field, the parties describe different versions the events. Defendants contend that Detectives Warner and Augeri, who were dressed in jackets bearing the word "POLICE" in large white letters, departmental baseball caps and badges, identified themselves as police officers and ordered Ortiz to get down. Ortiz alleges that detectives Warner and Augeri were not dressed as police officers and did

---

[1] The facts are taken from defendants' Local Rule 56(a)1 Statement [Doc. No. 33-3], as supplemented by the affidavits and exhibits attached to the statement and motion for summary judgment and Ortiz' Local Rule 9(c) Statement of Undisputed Facts [Doc. No. 35-2] with attached affidavit and exhibits.

not identify themselves to him.

The parties agree that Ortiz began shooting at Warner and Augeri and wounded both detectives. At this time, defendant Yepes left his hiding place and began running toward the three men. Ortiz alleges the defendant Yepes shot him in the leg as he approached. Defendants contend that detective Warner shot Ortiz. When defendant Yepes reached Ortiz, he forced Ortiz to the ground, subdued him, and summoned an ambulance.

### III.  Discussion

Defendants argue that Ortiz' excessive force claim must fail because defendant Yepes did not shoot him and, even if he had, defendant Yepes acted reasonably and is entitled to qualified immunity. They also argue that since the court should enter summary judgment in favor of Yepes, Ortiz cannot state a claim against defendant Brymer for failing to train.

#### A.   Excessive Force Claim

Ortiz alleges that defendant Yepes violated his Eighth Amendment rights. However, because Ortiz' excessive force claim arises from his arrest, the claim must be considered under the Fourth Amendment. See Graham v. Conner, 490 U.S. 386, 394 (1989). To prevail on this claim, Ortiz must show that the amount of force used was objectively unreasonable, either as to when or how the force was applied. See id. at 397; Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996). Ortiz must also show that, as a result of the use of force, he suffered some compensable injury. See

Landry v. Irizarry, 884 F.Supp. 788, 799 n.14 (S.D.N.Y. 1995). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather that with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. The inquiry must consider that officers often are required to make split-second decisions in rapidly changing situations when determining appropriate conduct, including the amount of force required. See id. at 396-397. Thus, the court must consider the totality of the circumstances and balance "'the nature and quality of the intrusion on an individual's Fourth Amendment interests' against countervailing governmental interests at stake." Id. at 396 (citation omitted). In performing this analysis, the court considers "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." Hemphill v. Schott, 141 F.3d 412, 417 (2d Cir. 1998). In addition, Ortiz must prove some injury, even an insignificant one, to prevail. See Landy, 884 F. Supp. at 799 n.14. Thus, for the court to grant defendants' motion for summary judgment, it must conclude that there is no genuine issue of material fact regarding the objective reasonableness of the force used by defendant Yepes to arrest Ortiz.

    Ortiz has offered evidence that defendant Yepes used excessive force in effecting his arrest in that he shot Ortiz in the leg, forced Ortiz to the ground by driving his knee into Ortiz' back, and hitting Ortiz about the head with his gun while threatening to kill him.

Defendant Yepes states that he did not shoot Ortiz. He provides copies of the trial testimony of Warner stating that Warner shot Ortiz and a copy of an internal investigation report indicating that one bullet was missing from Warner's gun, but that no bullets were missing from Yepes' gun. (See Defs.' Rule 56(a) Statement Ex. I, H.) In opposition, Ortiz has provided his own affidavit and the statement he provided to police at the hospital indicating that defendant Yepes shot him. However, the excessive force claim is not based only upon the gunshot wound.

Defendant Yepes has provided copies of his testimony at Ortiz' criminal trial in which he states that, as he approached, Ortiz was on his knees with his hands in the air. Ortiz was not moving his hands, and Yepes could see Ortiz' hands at all times. Ortiz did not have a gun in his hand. In addition, another officer was right behind Yepes, and he could hear other officers approaching. Yepes stated that he used his knee to force Ortiz to the ground. The parties dispute the degree of force used to push Ortiz to the ground. (See Defs.' Mem. Ex. G, H.) Yepes states in his affidavit that he did not use excessive force and did not hit Ortiz about the head with his gun. However, Ortiz has provided his own affidavit describing how Yepes hit him about the head and has provided a copy of the statement Ortiz gave to police in the hospital immediately following the incident, where he also references being hit by defendant Yepes with his hand and gun. (See Pl.'s Memo. Opp. Summ.J. Exh. A, B.) Yepes states that Ortiz struggled, and he had to subdue him. Ortiz states that he did not resist.

The court cannot decide between the two versions of what happened. This is left to the trier of fact. The court finds that there is a genuine issue of material fact regarding whether Yepes shot Ortiz, whether Yepes hit Ortiz in the head with his hand and gun and, if so, whether such force was objectively reasonable. Therefore, summary judgment is not warranted.

### B. Qualified Immunity

Defendants also argue that Yepes is entitled to qualified immunity. The doctrine of qualified immunity "shields government officials from liability for damages on account of their performance of discretionary official functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Rodriguez v. Phillips, 66 F.3d 470, 475 (2d Cir. 1995) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To determine whether qualified immunity is warranted, the court first must address the question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001).

> [I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established. This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition.

Id.

Taking the facts in the light most favorable to him, the court must presume that Yepes beat him about the head with his hand and gun when Ortiz had no weapon and

was not resisting arrest, and that Yepes shot Ortiz after Ortiz had already surrendered. These facts, if proven, could establish a Fourth Amendment violation.

Every person is entitled to be free from the use of excessive force. See Graham, 490 U.S. at 394-95. As indicated above, however, a police officer is entitled to use force, including physical force, to a degree reasonably required by the circumstances and danger he faces when he encounters a private citizen. See id. at 396.

Ortiz states that he offered no resistance. Yepes concedes that, by the time he reached Ortiz, all gun fire has ceased and both parties indicate that Ortiz did not have his gun at this time.[2] Assuming these allegations are true, the court concludes that Ortiz has alleged a constitutional violation. The court concludes that, if defendant Yepes shot Ortiz after he had surrendered, or beat Ortiz about the head with his gun and threatened to kill him when Ortiz was unarmed and offering no resistance, no reasonable officer could believe that the alleged conduct was lawful. Thus, defendant Yepes is neither entitled to qualified immunity, nor summary judgment.

C.   **Failure to Train**

Defendants' sole argument that Brymer is entitled to summary judgment rests on the assumption that Yepes is entitled to summary judgment. The court has concluded that there is genuine issue of material fact regarding the use of excessive force against Ortiz, and that defendant Yepes is not protected by qualified immunity. Accordingly,

---

[2] Ortiz' gun was found on the ground approximately four feet away. (See Defs.' Mem. Supp. Summ.J. Exh. H).

summary judgment will not enter in favor of Yepes, and there is no basis for defendants' argument regarding defendant Brymer.

Defendants' motion for summary judgment is denied as to the claims against defendant Brymer.

## CONCLUSION

Defendants' Motion for Summary Judgment [**Dkt. No. 33**] is **DENIED**.

**SO ORDERED.**

Dated this 17th day of August, 2004, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge