UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AKOV ORTIZ : | |
|     Plaintiff : | |
| : | CASE NUMBER: |
| v. : | 302CV1369 (JCH) (HBF) |
| : | |
| J. EDWARD BRYMER, ET AL : | JANUARY 13, 2005 |
|     Defendants : | |

**MOTION FOR PERMISSION TO
TAKE PLAINTIFF'S DEPOSITION**

Pursuant to Fed. R. Civ. P. 16 and Local Rules 7 and 16, the undersigned counsel, on behalf of the defendants, respectfully moves that the defendants be permitted to take the deposition of the plaintiff despite the expiration of the discovery deadline on March 27, 2004. In support of this motion the defendants submit the following.

Pro bono counsel Stephen Lable and Christopher Perry recently filed their appearances on behalf of the plaintiff on or about November 12, 2004. Prior to the appointment of pro bono counsel the plaintiff was pro se. The incident that is the subject of this lawsuit also resulted in the criminal prosecution of the plaintiff by the State of Connecticut. The criminal prosecution resulted in a judgment of conviction after a jury trial and the plaintiff appealed the judgment to the Connecticut Appellate Court which affirmed the judgment on September 23, 2003. <u>State v. Ortiz</u>, 79 Conn. App. 667 (2003). Prior to the

1

resolution of the plaintiff's appeal the undersigned counsel was unable to obtain all of the relevant materials concerning this matter because the criminal prosecution was still pending.  Primarily for this reason the undersigned defendants made four separate requests to enlarge the discovery deadline prior to March 27, 2004. Due to the fact that the appeal had been decided, on or about February 19, 2004 the undersigned counsel received various materials that had been sought that pertained to the underlying criminal prosecution. In accordance with the Court's scheduling order the undersigned defendants filed a motion for summary judgment on March 25, 2004.

      Prior to March 27, 2004 it was the undersigned counsel's understanding that there was at least one other criminal prosecution pending that involved the plaintiff as a defendant and was relevant to the facts of this case. Prior to March 27, 2004 the undersigned counsel was concerned that if he took the plaintiff's deposition it was unlikely to be productive given that the plaintiff was unrepresented by counsel. Furthermore, the undersigned counsel was concerned that questions posed at a deposition might present a difficult situation for everyone given that the pro se plaintiff might have a Fifth Amendment right not to respond to questions given the pending criminal prosecution. The undersigned counsel did not feel comfortable in assuming that the pro se plaintiff would be aware of his

rights in this regard. Due to these concerns the decision was made not to take the plaintiff's deposition as a pro se plaintiff.

The motion for summary judgment was denied on August 17, 2004. During a telephone conversation initiated by the pro se plaintiff on August 27, 2004 he told the undersigned counsel that he intended to obtain counsel.

No effort was made to seek permission to take the plaintiff's deposition after August 27, 2004 because he was still unrepresented. The undersigned counsel raised this issue during the status conference conducted by U.S. Magistrate Judge Holly Fitzsimmons on January 5, 2005 and the undersigned was instructed that any such request should be raised by a motion.

The undersigned defendants do not object to the plaintiff conducting further discovery if this motion is granted. It should be pointed out, however, that the plaintiff, through his counsel, recently submitted a Freedom of Information request to the Middletown Police Department seeking documentation that pertains to this case. It is the defendants' contention that this request, for all practical purposes, is a discovery request that is also untimely. Although the City of Middletown is not technically a party to this case, Chief of Police Brymer is and City Attorney Trina Solecki has filed an appearance in addition to the undersigned counsel on behalf of the defendants.

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

For all of the foregoing reasons, the defendants respectfully submit that good cause exists and request that this motion be granted.

                                           Defendants, J. Edward Brymer and
                                           Officer Jorge Yepes

                                           BY:_____
                                           Andrew M. Dewey
                                           Baio & Associates, P.C.
                                           15 Elm Street
                                           Rocky Hill, CT 06067
                                           Tel.: (860) 571-8880
                                           Fax: (860) 571-8853
                                           adewey@baiolaw.com
                                           Federal Bar No. ct07152
                                           Their Attorney
                                           E-Mail adewey@baiolaw.com

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

**CERTIFICATION**

       This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 13th day of January, 2005 to the pro se plaintiff as follows:

Stephen J. Lable, Esquire
Christopher R. Perry, Esquire
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
225 Asylum Street, 13th Floor
Hartford, CT 06103

Attorney Trina A. Solecki
City Attorney
245 DeKoven Drive
P.O. Box 1300
Middletown, CT 06457

                                                  _____
                                                  Andrew M. Dewey