UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AKOV ORTIZ,                                          :        CASE NO. 3:02CV01369(JCH)(HBF)
                                                     :
      Plaintiff,                                 :
                                                     :
V.                                                   :
                                                     :
J. BRYMER, IN HIS OFFICIAL CAPACITY                  :
AS CHIEF OF POLICE FOR MIDDLETOWN, CT :
AND IN HIS INDIVIDUAL CAPACITY, and                  :
POLICE OFFICER YEPES, IN HIS OFFICIAL                :
CAPACITY AS POLICE OFFICER FOR                       :        JANUARY 26, 2005
MIDDLETOWN, CT,                                      :
                                                     :
      Defendants.                                :

## PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR PERMISSION TO TAKE PLAINTIFF'S DEPOSITION

The Plaintiff, Akov Ortiz ("Ortiz" or the "Plaintiff"), respectfully submits this Objection to Defendants' Motion for Permission to Take Plaintiff's Deposition dated January 13, 2005 (hereinafter "Defendants' Motion" or "Defendants' Mot."). Defendants' Motion should be denied based on the inherent prejudice Ortiz would suffer if discovery was reopened at this late date as: (1) Ortiz has relied on the Court's discovery deadline in formulating a trial strategy and should not be disadvantaged merely because he accepted court-appointed trial counsel; (2) Defendants admit they were in possession of the "relevant materials" prior to the March 27, 2004 discovery deadline; (3) Ortiz's Fifth Amendment rights would not have been implicated after October 13, 2003, as all criminal proceedings related to the events of August 10-11, 1999 were completed; and (4) Ortiz did not raise the issue of obtaining counsel with defense counsel until August 27, 2004, five months after the close of discovery. Based on the following reasons, the Defendants' Motion should be denied.

## I.    FACTS AND PROCEDURAL HISTORY

This case stems from the botched arrest of Ortiz on the late evening/early morning of

August 10-11, 1999. On that night, the Middletown Police Department, without adequate

preparation and planning, attempted to execute a domestic abuse warrant on Ortiz. A poorly

constructed plan was hatched and an arrest was attempted at approximately 1:00 a.m. at the

Wesley School in Middletown, Connecticut. As a consequence of the lack of preparation, poor

planning, and inadequate training of the police officers, Ortiz and two Middletown police

officers were shot and wounded during the attempted arrest. Following the chaos that ensued,

Ortiz surrendered, at which point his constitutional rights were violated.

On or about the time of the criminal trial that resulted from the Wesley School incident,

Ortiz had three, unrelated criminal trials pending. The prosecution sought to consolidate those

three unrelated cases with the case stemming from the Wesley School incident. Following oral

argument, Judge Patrick J. Clifford ruled that the case stemming from the Wesley School

incident on August 10-11, 1999 was "a totally different case" from the other three cases and must

be tried separately. See Transcript dated September 7, 2001 at 62 (attached as Exhibit A). Ortiz

was ultimately convicted and is currently serving a thirty-three year sentence for his role in the

Wesley School incident.

Defendants' appearance in the instant case was filed on October 31, 2002. The initial

discovery deadline was set for May 18, 2003. On April 16, 2003, Defendants filed their first

motion to extend the discovery deadline, which the Court granted. On September 23, 2003, the

Connecticut Appellate Court denied Ortiz's appeal relating to his conviction stemming from the

Wesley School incident. State v. Ortiz, 79 Conn. App. 667 (2003) (attached as Exhibit B). Ortiz

2

did not appeal the ruling to the Connecticut Supreme Court, and thus the judgment became final on October 13, 2003, more than five months before the close of discovery.[1]

On September 26, 2003, Defendants filed their second motion to extend the discovery deadline, which the Court granted. On November 19, 2003, Defendants filed their third motion to extend the discovery deadline, which the Court granted. On January 22, 2004, Defendants filed their fourth motion to extend the discovery deadline, which the Court granted. Discovery closed on March 27, 2004.

## II.    ARGUMENT

### A.    Ortiz Should Not Be Disadvantaged By His Decision To Retain Court-Appointed Trial Counsel Eight Months After the Close of Discovery

Prior to obtaining trial counsel, Ortiz relied on the Court's discovery dates and would be prejudiced if they were now disregarded due to his retention of court-appointed trial counsel. Ortiz formulated a trial strategy over the course of two years built largely on the fact that defense counsel would have limited potential impeachment material because defense counsel chose not to take his deposition. Ortiz should not be deprived of this advantage merely because he obtained court-appointed trial counsel. Discovery is typically reopened after the appearance of newly appointed counsel in order to avoid disadvantaging new counsel and his or her client. In this instance, however, reopening discovery would disadvantage Ortiz by providing Defendants the opportunity to rectify strategic errors committed during the course of the case. Defense counsel had ample opportunity to take Ortiz's deposition, yet made a conscious decision not to do so. As a matter of public policy, by allowing the Plaintiff's deposition to be taken at this late date, the Court would be creating a disincentive for pro se plaintiffs to accept court-appointed

---

[1] Pursuant to Conn. Gen. Stat. § 84-4, an appeal to the Connecticut Supreme Court must be made within twenty days after the appellate ruling is issued. Since no appeal was filed, Ortiz's conviction became final at the expiration of that 20 day period, October 13, 2003.

3

counsel. Pro se plaintiffs would be disinclined to accept court-appointed counsel if such appointment would have negative repercussions on their previously developed trial strategy.

### B.    Defendants Were In Possession of the "Relevant Material" Over Five Weeks Before the Discovery Deadline

Defendants claim that they were unable to obtain all of the "relevant materials" necessary to defend this matter due to the pending criminal prosecution involving the Wesley School incident. See Defendants' Mot. at 2. Defendants state, however, that "on or about February 19, 2004 [Defendants] received various materials that had been sought that pertained to the underlying criminal prosecution." Id. Defendants were, therefore, in possession of the "relevant material" for more than five weeks before the March 27, 2004 discovery deadline. Defendants had ample time to prepare for and take Ortiz's deposition. Ortiz's whereabouts were known and scheduling would not have been a problem. If Defendants required more than five weeks to prepare for Ortiz's deposition, they could have filed their fifth motion to extend discovery.

### C.    Ortiz's Fifth Amendment Rights Would Not Have Been Implicated After October 13, 2003 As All Criminal Proceedings Related To the Wesley School Incident Were Completed

Defendants assert that "[p]rior to March 27, 2004, it was [Defendants'] understanding that there was at least one other criminal prosecution pending that involved the plaintiff as a defendant and was relevant to the facts of this case." Defendants' Mot. at 2. Defendants claim that Ortiz's Fifth Amendment rights would have made a deposition unproductive and/or unethical. Defendants' understanding, however, was incorrect.

As previously stated, Judge Clifford ruled on this issue and determined that the case stemming from the Wesley School incident on August 10-11, 1999 was "a totally different case" from the other cases pending against Ortiz. Because no other criminal case existed involving the Wesley School incident, Defendants' assertion that Ortiz's Fifth Amendment rights would have

4

been implicated during a deposition is incorrect. Ortiz would have been free to discuss the events occurring on the evening/morning of August 10-11 without fear, as judgment in that matter was final on October 13, 2003. Had Defendants investigated Ortiz's other criminal matters, they would have realized that the Fifth Amendment would not have been implicated if the deposition took place after October 13, 2003, five months before the discovery deadline expired.

**D.    Counsel's Assertion That He Was Notified of Plaintiff's Desire To Obtain Counsel On August 27, 2004 Is Irrelevant As Discovery Closed On March 27, 2004**

Defense counsel stated that he was informed by Ortiz on August 27, 2004 that Ortiz intended to obtain counsel. See Defendants' Mot. at 3. Ortiz's statement came five months after discovery was closed and should not have had any impact on whether the Defendants took his deposition prior to March 27, 2004. During the January 5, 2004 telephone status conference with this Court, defense counsel also stated that Defendants did not take Ortiz's deposition due to the pending motion for summary judgment. Although not raised in their motion, any assertion that the motion for summary judgment should have suspended the applicable discovery period until Judge Hall issued her ruling should be rejected. Defendants were aware of the discovery deadline and should not have taken the chance that their motion for summary judgment would be denied, thus leaving them unprepared for trial.

**E.    If the Court Decides To Reopen Discovery To Allow Plaintiff's Deposition To Be Taken, Plaintiff Requests That Discovery Be Opened In Its Entirety**

In the event that the Court grants the Defendants' Motion, the Plaintiff requests that discovery be opened in its entirety so that counsel may take the depositions of the Defendants

and other individuals with knowledge of the Wesley School incident. Defendants have stated that they do not object to this request. See Defendants' Mot. at 3.

In addition, Defendants assert that the Plaintiff's recent Freedom of Information ("FOI") request to the Middletown Police Department is an untimely discovery request. The City of Middletown, however, is not a party to this case as Defendants recognize. See Defendants' Mot. at 3. As such, Plaintiff's FOI request cannot be considered a discovery request. The City of Middletown, as a separate party, has an independent obligation to respond to the Plaintiff's FOI request within the statutorily mandated time period.

During the January 5, 2005 status conference, Defendants requested that the FOI request be replaced by a reformulated request for production. Plaintiff initially agreed to this request as a courtesy, however, in light of the Defendants' position that the Plaintiff is attempting to serve untimely production requests, Plaintiff will not be serving such requests for production until this Motion is ruled upon.

## III.    CONCLUSION

For all of the foregoing reasons, Ortiz should not be prejudiced by having to submit to a deposition merely because he obtained court-appointed trial counsel nine months after the close of discovery. Therefore, Plaintiff respectfully requests that the Defendants' Motion For Permission To Take Plaintiff's Deposition be denied.

6

PLAINTIFF,
AKOV ORTIZ

By: _____

Stephen J. Lable
Fed. Bar No.: ct21111
Christopher R. Perry
Fed. Bar No.: ct24084
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
225 Asylum Street, 13th Floor
Hartford, CT  06103
Telephone: (860) 293-3500
Facsimile: (860) 293-3555

7