UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AKOV ORTIZ, | : | CASE NO. 3:02CV01369(HBF) |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| J. BRYMER, IN HIS OFFICIAL CAPACITY | : | |
| AS CHIEF OF POLICE FOR MIDDLETOWN, CT | : | |
| AND IN HIS INDIVIDUAL CAPACITY, and | : | |
| POLICE OFFICER YEPES, IN HIS OFFICIAL | : | |
| CAPACITY AS POLICE OFFICER FOR | : | OCTOBER 17, 2005 |
| MIDDLETOWN, CT, | : | |
| | : | |
| Defendants. | : | |

**JOINT TRIAL MEMORANDUM**

Pursuant to Judge Fitzsimmons' June 22, 2005 Pretrial Order, the parties hereby submit their Joint Trial memorandum. Jury selection is currently set for November 14, 2005 followed by trial on November 15, 2005.

    1.    Trial Counsel

        A.    Plaintiff's Counsel

            Stephen J. Lable
            Christopher R. Perry
            LeBoeuf, Lamb, Greene & MacRae LLP
            225 Asylum Street, 13th Floor
            Hartford, CT 06103
            (860) 293-3500

        B.    Defendants' Counsel

            Andrew M. Dewey
            Law Offices of Baio & Associates, P.C.
            15 Elm Street
            Rocky Hill, CT 06067
            (860) 571-8880

Trina A. Solecki
Middletown City Attorney
245 DeKoven Drive
P.O. Box 1300
Middletown, CT 06457
(860) 344-3422

2. Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1983.

3. Jury – Non-Jury

This matter is to be tried to a jury.

4. Trial Length

This trial is expected to last three to four days.

5. Nature of Case

Akov Ortiz alleges that his civil rights were violated on the late evening/early morning of August 10-11, 1999. Specifically, Mr. Ortiz claims that his Fourth Amendment rights were violated when he was allegedly the victim of excessive force at the hands of Middletown Police Officer Jorge Yepes. In addition, Mr. Ortiz alleges that Chief of Police Edward Brymer failed to properly train and supervise Officer Yepes, as well as additional officers, in the use of a firearm, use of force, and proper arrest procedures.

6. Plaintiff's Contentions

This case stems from the botched arrest of Mr. Ortiz on the late evening/early morning of August 10-11, 1999. On that night, the Middletown Police Department, without adequate preparation and planning, attempted to execute a domestic abuse warrant on Ortiz. A poorly constructed plan was hatched and an arrest was attempted at approximately 1:00 a.m. at the Wesley School in Middletown, Connecticut. As a consequence of the lack of preparation, poor planning, and inadequate training of the police officers, Mr. Ortiz and two Middletown

2

police officers were shot and wounded during the attempted arrest. Mr. Ortiz claims that once he surrendered his constitutional rights were violated when Police Officer Yepes shot him, drove his knee into his back, and struck him in the face numerous times with his gun while stating that he was going to kill him.

7. <u>Defendants' Contentions</u>

The Defendants' deny all of the claims made against them by the Plaintiff. The Defendants' claim that on August 11, 1999 the Plaintiff Akov Ortiz opened fire on two Middletown Police Officers after they identified themselves in an effort to apprehend them in connection with an outstanding felony warrant. The Plaintiff Akov Ortiz shot Detective William Warner several times and Officer Stephen Augeri at least once. The Defendants' contend that the Plaintiff knew he was shooting at police officers. The Defendant Jorge Yepes responded to the shootings and approached the Plaintiff in an effort to apprehend him and to prevent him from causing harm to any other individuals or officers. It is the Defendants' contention that as Officer Yepes attempted to place the Plaintiff in custody the Plaintiff struggled with Officer Yepes. Officer Yepes used lawful and reasonable force in order to apprehend and handcuff the Plaintiff. The Defendants deny that Officer Yepes used excessive force. More specifically the Defendants deny that Officer Yepes shot the Plaintiff and deny that Officer Yepes threatened to kill the Plaintiff. Furthermore, the Defendants deny that Officer Yepes struck the Plaintiff with the butt of his firearm in the Plaintiff's face and head. The Defendants deny that Officer Yepes intentionally, willfully, recklessly, or deliberately caused the Plaintiff any harm. The Defendants dispute the Plaintiff's characterization of the incident in question and dispute the allegations regarding damages and injuries made by the Plaintiff. The Defendant Chief J. Edward Brymer denies that he failed to properly train and supervise Officer Yepes as alleged by the Plaintiff. The

Defendants deny that they violated the Plaintiff's right to be free from uncruel and unusual punishment as alleged by the Plaintiff in his Amended Complaint. It is the Defendants contention that the Plaintiff was shot by Officer William Warner in self defense after he was shot by the Plaintiff several times. The Defendant Officer Yepes did not fire his weapon on August 11, 1999.

In their Answer and Affirmative Defenses to the Plaintiff's Amended Complaint the Defendants assert the affirmative defenses of qualified immunity, governmental immunity, the failure of the Plaintiff to state a claim upon which relief can be granted and comparative negligence to the extent that the allegations in the Plaintiff's Amended Complaint dated April 3, 2003 are construed to be allegations of negligence. To the extent that the Plaintiff's Amended Complaint dated April 3, 2003 is construed to contain allegations of negligence the Defendants assert that such a claim or claims are barred by the applicable statute of limitations pursuant to C.G.S. §52-584. The Defendants contend that none of their actions were the proximate cause of the injuries and damages alleged by the Plaintiff. The Defendants also assert via affirmative defense that they are entitled to all of the applicable set offs in the amount of any benefits paid to or on behalf of the Plaintiff by any health insurance carrier or any similar entity pursuant to C.G.S. §38a-838(6) and C.G.S. §38a-845. The Defendants concede that this issue would not come into play unless a jury verdict is entered for the Plaintiff.

8. <u>Legal Issues</u>

**Plaintiff's Statement of Legal Issues**

A.   Did Defendant Yepes violate Plaintiff's 4th Amendment rights by shooting Plaintiff after Plaintiff surrendered his weapon and submitted to arrest?

B.   Did Defendant Yepes violate Plaintiff's 4th Amendment rights by pistol-whipping and beating Plaintiff after Plaintiff surrendered his weapon and submitted to arrest?

  C. Did Defendant Brymer fail to train and supervise Defendant Yepes and did this failure result in an unconstitutional shooting or beating of Plaintiff?

**Defendants' Statement of Legal Issues**

  A. Whether or not the Defendants were acting under the color of state law.

  B. Whether or not the Plaintiff was the subject of excessive force.

  C. Whether the use of force by Defendant Jorge Yepes was objectively reasonable under the totality of the circumstances.

  D. Whether or not Defendant Jorge Yepes used excessive force in arresting the Plaintiff on August 11, 1999 in violation of the Plaintiff's constitutional rights.

  E. Whether or not any force used by the Defendant Jorge Yepes was lawful.

  F. Whether or not the alleged actions of the Defendants proximately caused a deprivation of the Plaintiff's constitutional rights.

  G. Whether or not the actions of the Defendants were the proximate cause of the Plaintiff's alleged injuries, damages and losses.

  H. Whether or not the Defendants are entitled to governmental immunity.

  I. Whether or not the Plaintiff's Amended Complaint dated April 3, 2003 sets forth any claims upon which relief can be granted.

  J. Whether or not Defendant Chief Brymer failed to train and supervise Defendant Jorge Yepes.

  K. Whether or not the Defendants are entitled to qualified immunity.

9. <u>Stipulated Facts/Contested Issues</u>

  A. Stipulated Facts:

1. Plaintiff was arrested on August 10-11, 1999 on a felony domestic abuse warrant;

2. Prior to his arrest, Plaintiff shot and wounded two Middletown police officers;

3. Plaintiff is serving a 36 year sentence for events that transpired during his arrest.

4. On August 10-11, 1999 Officer Jorge Yepes was a police officer for the Middletown Police Department.

5. On August 10-11, 1999 Defendant J. Edward Brymer was the Chief of Police for the Middletown Police Department.

6. As a result of the Plaintiff's actions on August 11, 1999 in shooting Officer Warner and Officer Augeri he was convicted on December 7, 2001 of committing felony assault in the First Degree with the intent to cause serious physical injury to Officer William Warner, and did cause such injuries by means of a deadly weapon in violation of C.G.S. §53a-59(a)(1).

7. Due to his actions on August 11, 1999 the Plaintiff was convicted on December 7, 2001 of the felony of Assault of a Peace Officer by causing physical injury to a peace officer by use of a firearm with the intent to prevent a reasonably identifiable peace officer, namely Officer William Warner, from performing his duties, while such peace officer was acting in the performance of his duties, pursuant to C.G.S. §53a-167c(a)(1).

8. Due to his actions on August 11, 1999 the Plaintiff was convicted on December 7, 2001 of the felony of Assault in the First Degree in connection with his shooting of Officer William Warner in violation of C.G.S. §53a-59(a)(5).

9. Due to his actions on August 11, 1999 the Plaintiff was convicted on December 7, 2001 of the felony of Assault in the First Degree in connection with the shooting of Officer Stephen Augeri in violation of C.G.S. §53a-59(a)(5).

B. Statement of Contested Issues of Fact and Law:

**Contested Issues of Fact**

1. Whether or not the Plaintiff knew that Officer Augeri and Officer Warner were police officers before he shot them.

2. Whether or not Officer Yepes shot the Plaintiff.

3. The substance of any communications between the Plaintiff and Officer Yepes.

4. The substance of any communications between the Plaintiff and Officers Augeri and Warner.

5. Whether or not the Plaintiff posed any danger or threat to Defendant Jorge Yepes or anyone else on August 10-11, 1999.

6. Whether or not the Plaintiff was perceived as a danger or threat by Defendant Jorge Yepes.

7. The extent of any physical contact between the Plaintiff and the Defendant Jorge Yepes.

8. The number of gun shots fired by the Plaintiff.

9. Whether or not the Defendant Jorge Yepes discharged his weapon on the night of August 10, 1999 through August 11, 1999.

10. Whether or not the Plaintiff struggled or resisted arrest.

11. The nature and extent of any injuries, damages and/or losses sustained by the Plaintiff as a result of the subject incident.

12. Whether or not Officer Yepes was properly trained as a police officer.

13. Whether or not Defendant Chief Brymer properly trained and supervised Officer Yepes.

14. Whether or not the Plaintiff knew that police officers would be at the Wesley School on August 10-11, 1999 before he arrived.

15. The nature and substance of the information that the Plaintiff provided health care providers about the incident, his alleged injuries, and his prior medical history.

16. Nature and extent of any injuries or medical conditions, including both physical and mental injuries or conditions, the Plaintiff had prior to August 11, 1999.

17. The motivations of the Plaintiff and the Defendants during the subject incident.

18. The extent of the Plaintiff's felony criminal record.

19. The nature and extent of the Plaintiff's familiarity with Defendant Officer Yepes, Officer Augeri and/or Officer Warner on and prior to August 11, 1999.

20. The circumstances that lead to the Plaintiff and representatives of the Middletown Police Department, including the Defendant Officer Yepes, Officer Augeri and Officer Warner to be present at Wesley Elementary School in Middletown, Connecticut on August 10, 1999 and August 11, 1999.

**Contested Issues of Law**

1. Was Plaintiff pistol-whipped, beaten and shot by Defendant Yepes after he surrendered and submitted to arrest in violation of the 4th Amendment?

      2.      Whether the force used by Defendant Officer Jorge Yepes was objectively reasonable under the totality of the circumstances.

      3.      Whether or not Defendant Jorge Yepes used excessive force in arresting the Plaintiff on August 11, 1999 in violation of the Plaintiff's constitutional rights.

      4.      Whether or not the alleged actions of the Defendants Yepes and Brymer proximately caused a deprivation of the Plaintiff's constitutional rights.

      5.      Whether or not the actions of the Plaintiff were the proximate cause of the Plaintiff's alleged injuries, damages and losses.

      6.      Whether the Plaintiff's Amended Complaint dated April 3, 2003 sets forth any claims upon which relief can be granted.

      7.      Whether or not the Defendants are entitled to governmental immunity.

      8.      Whether or not the Defendants are entitled to qualified immunity.

10.    <u>List of Witnesses</u>

    A.    Plaintiff's Witnesses

        1.    Akov Ortiz
            Garner Correctional Institution
            50 Nunnawauk Road, POB 5500
            Newtown, CT 06470

        2.    Joe Roy
            60 Church Street
            Middletown, CT 06457

        3.    Connecticut State Trooper Michael Pendleton
            c/o Office of Lieutenant Governor Kevin B. Sullivan
            State Capitol
            Room 304
            Hartford, CT 06106

    4.    Connecticut State Trooper Seth G. Mancini
State of Connecticut
Department of Public Safety
1111 Country Club Road
P.O. Box 2794
Middletown, CT 06457

    5.    Eric Daigle

    6.    Joseph Dicostanzo

    7.    Timothy Webster

    8.    Christopher Carlone

The Defendants reserve the right to object to the testimony of any and all of the Plaintiff's witnesses as the need arises during the trial pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence.

    B.    Defendants' Witnesses

        1.    **Detective Jorge Yepes**, Middletown Police Department, 222 Main Street, Middletown, Connecticut 06457. He is expected to testify as to the circumstances surrounding the incident that is the subject of this lawsuit, including his involvement with Plaintiff on the date in question as well as his familiarity with the Plaintiff prior to August 11, 1999, the criminal charges brought against the Plaintiff, the police investigation concerning the subject incident, his experience and training as a police officer, his police report for the subject incident, and his observations during the subject incident. He is also expected to testify as to information that he has that is relevant to the issues raised by the Plaintiff during the presentation of his case that supports the defense of this matter. The expected duration of Officer Yepes testimony is approximately 1 to 2 hours including cross examination.

        2.    **Detective William Warner**, Middletown Police Department, 222 Main Street, Middletown, Connecticut 06457. He is expected to testify as to the circumstances surrounding the incident that is the subject of this lawsuit, including his involvement with the Plaintiff on the date in question as well as his familiarity with the Plaintiff prior to August 11, 1999, the criminal charges brought against the Plaintiff, the police investigation concerning the subject incident, his experience and training as a police officer, his police report for the subject incident, and his observations during the subject incident. He is also expected to testify as to information

10

that he has that is relevant to the issues raised by the Plaintiff during the presentation of his case that supports the defense of this matter. The expected duration of Detective Warner's testimony is approximately 30 to 45 minutes including cross examination.

3. **Sergeant Stephen Augeri**, Middletown Police Department, 222 Main Street, Middletown, Connecticut 06457. He is expected to testify as to the circumstances surrounding the incident that is the subject of this lawsuit, including his involvement with Plaintiff on the date in question as well as his familiarity with the Plaintiff prior to August 11, 1999, the criminal charges brought against the Plaintiff, the police investigation concerning the subject incident, his experience and training as a police officer, his police report for the subject incident, and his observations during the subject incident. He is also expected to testify as to information that he has that is relevant to the issues raised by the Plaintiff during the presentation of his case that supports the defense of this matter. The expected duration of Sergeant Augeri's testimony is approximately 20 to 30 minutes including cross examination.

4. **Officer Denise Duffy**, Middletown Police Department, 222 Main Street, Middletown, Connecticut 06457. She is expected to testify as to the circumstances surrounding the incident that is the subject of this lawsuit, including her involvement with Plaintiff on the date in question as well as her familiarity and involvement with the Plaintiff prior to August 11, 1999, the criminal charges brought against the Plaintiff, the police investigation concerning the subject incident, her experience and training as a police officer, her police report for the subject incident, and her observations during the subject incident. She is also expected to testify as to information that she has that is relevant to the issues raised by the Plaintiff during the presentation of his case that supports the defense of this matter. The expected duration of Officer Duffy's testimony is approximately 20 to 30 minutes including cross examination.

5. **Captain David Gervais**, Middletown Police Department, 222 Main Street, Middletown, Connecticut 06457. He is expected to testify as to the circumstances surrounding the incident that is the subject of this lawsuit, including his involvement with Plaintiff on the date in question as well as his familiarity and involvement with the Plaintiff prior to August 11, 1999, the criminal charges brought against the Plaintiff, the police investigation concerning the subject incident, his experience and training as a police officer, his police report for the subject incident, and his observations during the subject incident. He is also expected to testify as to information that he has that is relevant to the issues raised by the Plaintiff

during the presentation of his case that supports the defense of this matter. The expected duration of Captain Gervais' testimony is approximately 30 to 45 minutes including cross examination.

6. **Jack Harris**, 316 Main Street, Lyndonville, Vermont 05851. Mr. Harris is a former police officer with the Middletown Police Department. He is expected to testify as to the circumstances surrounding the incident that is the subject of this lawsuit, including his involvement with Plaintiff on the date in question as well as is familiarity and involvement with the Plaintiff prior to August 11, 1999, the criminal charges brought against the Plaintiff, the police investigation concerning the subject incident, his experience and training as a police officer, his police report for the subject incident, and his observations during the subject incident. He is also expected to testify as to information that he has that is relevant to the issues raised by the Plaintiff during the presentation of his case that supports the defense of this matter. The expected duration of Mr. Harris' testimony is approximately 20 to 30 minutes including cross examination.

7. **Detective Richard Batts**, Middletown Police Department, 222 Main Street, Middletown, Connecticut 06457. He is expected to testify as to the circumstances surrounding the incident that is the subject of this lawsuit, including his involvement with Plaintiff on the date in question as well as his familiarity and involvement with the Plaintiff prior to August 11, 1999, the criminal charges brought against the Plaintiff, the police investigation concerning the subject incident, his experience and training as a police officer, his police report for the subject incident, and his observations during the subject incident. He is also expected to testify as to information that he has that is relevant to the issues raised by the Plaintiff during the presentation of his case that supports the defense of this matter. The expected duration of Detective Batts' testimony is approximately 20 to 30 Minutes including cross examination.

8. **Chief J. Edward Brymer**, Middletown Police Department, 222 Main Street, Middletown, Connecticut 06457. Chief Brymer is expected to testify as to his knowledge of the subject incident including the actions of Officer Jorge Yepes on August 11, 1999. He is also expected to testify as to the conduct, training, and experience of Detective Yepes as a police officer. He may also testify as to any relevant information he has regarding the subject incident, including the outcome of the internal affairs investigation with respect to the discharge of weapons on August 10-11, 1999. He is also expected to testify as to information that he has that is relevant to issues raised by the Plaintiff during the presentation of his case that supports the defense of this matter. The expected

duration of Chief Brymer's testimony is approximately 30 to 45 minutes hours including cross examination.

The Plaintiff reserves the right to object to the testimony of any and all of the Defendants' witnesses as the need arises during the trial pursuant to Rules 402, 403, and 802 of the Federal Rules of Evidence.

11. <u>Exhibits</u>

   A. Plaintiff's Exhibits

      1. Plaintiff's medical records

      2. Police statements

      3. Photograph of Plaintiff taken at Hartford Hospital on August 11, 1999.

The Defendants reserve the right to object to the admissibility of any of the records/documents listed by the Plaintiff as exhibits pursuant to Rules 402, 403, 802, 1001, and 1002 of the Federal Rules of Evidence.

   B. Defendants' Exhibits

   The Defendants' may offer the following exhibits at trial depending on the Plaintiff's presentation of his case:

   **Defendants' Exhibit 501:** Middletown Police Department report and statements for the subject incident, (case number 99-24097).

   **Defendants; Exhibit 502:** Connecticut State Police Report and statements for the subject incident, (case number F-99-25094-4).

   **Defendants' Exhibit 503:** Middletown Police Department report and statements for the domestic violence incident that resulted in the arrest of the Plaintiff on August 11, 1999 (case number 99-14888).

   **Defendants' Exhibit 504:** Certified record of the disposition of the criminal charges brought against the Plaintiff due to his actions on August 11, 1999 (docket number CR99-0151946).

   **Defendants' Exhibit 505:** Middletown Police Department General Order Number 1.3 regarding the Use of Force in effect on August 11, 1999.

   **Defendants Exhibit 506:** Certified record of the Plaintiff's murder conviction on May 24, 2004 for the murder that occurred prior to the subject incident.

13



The Plaintiff reserves the right to object to the admissibility of any of the records/documents listed by the Defendants as exhibits pursuant to Rules 402, 403, 802, 1001, and 1002 of the Federal Rules of Evidence.

    12.    <u>Depositions</u>

The Parties do not expect any witnesses to testify by deposition at trial.

    13.    <u>Jury Instructions</u>

Please see Plaintiff's Proposed Jury Instructions attached as Exhibit 1. Please see Defendants' Proposed Jury Instructions attached as Exhibit 3.

    14.    <u>Evidentiary Problems</u>

Please see Plaintiff's Motion in Limine at Exhibit 2. Please see Defendants' Objection and Memorandum of Law in Opposition to Motion in Limine attached as Exhibit 4.

    15.    <u>Further Proceedings</u>

No additional pretrial proceedings are necessary other than the pretrial conference presently scheduled for November 2, 2005.

    16.    <u>Additional Issues</u>

        A.    Both the Plaintiff and the Defendants request the opportunity to make an opening statement pursuant to D. Conn. Local Rule 83.4.

        B.    Plaintiff requests the opportunity to wear civilian clothes during all proceedings.

        C.    Plaintiff requests the opportunity to participate in all proceedings without handcuffs or leg shackles.

        D.    Defendants oppose the Plaintiff's request to be free from handcuffs and leg shackles. Defendants respectfully submit that the Plaintiff is a dangerous felon who was convicted of murder on May 24, 2004.

Furthermore, he previously attempted to escape from custody while on trial at Middletown Superior Court for the murder charge. Indeed, he was successful in exiting the courthouse before he was apprehended on a nearby street a short time later. In addition to his murder conviction he was also convicted of escape from custody pursuant to C.G.S. section 53a-171 on May 24, 2004. Furthermore, it is not disputed between the parties that during the incident that is the subject of this lawsuit the Plaintiff shot two Middletown police officers. Due to all of these circumstances the Plaintiff's request should be denied.

PLAINTIFF,
AKOV ORTIZ

By: _____
Stephen J. Lable
Fed. Bar No.: ct21111
Christopher R. Perry
Fed. Bar No.: ct24084
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
225 Asylum Street, 13th Floor
Hartford, CT 06103
Telephone: (860) 293-3500
Facsimile: (860) 293-3555


DEFENDANTS,
J. EDWARD BRYMER and JORGE YEPES

By: _____
Andrew Dewey
Fed. Bar No.: ct07152
Law Offices of Baio & Associates, P.C.
15 Elm Street
Rocky Hill, CT 06067
Telephone: (860) 571-8880
Facsimile: (860) 571-8853