1

RECYCLED

Floppy Disk/CD Mailer

FIRST CLASS MAIL

Akov Ortiz v. J. Brymer, et al

Docket No. 3:02CV01369(HBF)

Plaintiff's Proposed Jury Instructions
And Proposed Verdict Form

WORD PERFECT DOCUMENT

EXHIBIT 1

DO NOT BEND OR FOLD
AVOID EXPOSURE TO ALL MAGNETIC FIELDS

**Honora[illegible] Holly B. Fitzsimmons**
**U.S. Magistrate Judge**

# JURY INSTRUCTIONS

**CASE: Akov Ortiz v. J. Brymer and J. Yepes**
**3:02 CV 01369 (HBF)**

**EXHIBIT 1**

**SECTION I. GENERAL INSTRUCTIONS**

**Juror Attentiveness**

Ladies and gentlemen, before you begin your deliberation, I am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.[1]

**Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it

[1] 4-71, Modern Federal Jury Instructions-Civil, P 71.01 (Matthew Bender 3d ed.).

would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.[2]

**Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening or closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said – or what I may say in these instructions – about the facts of this case. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to the case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. The questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should

---

[2] Id. (citing Patapco Insurance Co. v. Southgate, 30 U.S. 604, 621 (1831); Franks v. U.S. Lines Co., 324 F.2d 126 (2d Cir. 1963); U.S. v. 564.54 Acres of Land, More or Less, 576 F.2d 983 (3d Cir. 1978) (*rev'd on other grounds*, 441 U.S. 506 (1979); Shelak v. White Motor Co., 636 F.2d 1069 (5th Cir. 1981); Shelak v. White Motor Co., 581 F.2d 1155 (5th Cir. 1978); Martin v. Travelers Indemnity Co., 450 F.2d 542 (5th Cir. 1971); Troutman v. Southern Railway Co., 441 F.2d 586 (5th Cir. 1971); Nolan v. Greene, 383 F.2d 814 (6th Cir. 1967); Tyree v. New York City R.R., 382 F.2d 524 (6th Cir. 1967)).

render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.[3]

**Conduct of Counsel**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also has the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.[4]

**Sympathy**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a

---

[3] Id.

[4] Id.

risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.[5]

**Burden of Proof – General**

This is a civil case and as such the plaintiff, Mr. Ortiz, has the burden of proving the material allegations of his complaint by a fair preponderance of the evidence.

If after considering all of the testimony, you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendants.

If upon a consideration of all the facts on the material allegations of the complaint, you find that the plaintiff has failed to sustain the burden cast upon him, then you proceed no further and your verdict must be for the particular defendant against whom the plaintiff has failed to sustain his burden. If, however, you find that the plaintiff has sustained the burden on these issues, then you proceed to consider the affirmative defenses of governmental immunity and privileged arrest. In this regard, the burden is upon each defendant to establish the affirmative defenses by a preponderance of the evidence. I will instruct you more specifically as to these affirmative defenses in a moment.

If you determine that a particular defendant has sustained his burden of establishing either of his affirmative defenses of governmental immunity or privileged arrest, which applies to plaintiff's claims, then you proceed no further and your verdict must be for the defendant on those claims. If, however, you find that the plaintiff has established the essential elements of his

[5] Id. (citing In re Murchison, 349 U.S. 133 (1955); Edwards v. Philadelphia, 860 F.2d 568 (3d Cir. 1988); Joan W. v. Chicago, 771 F.2d 1020 (7th Cir. 1985)).

case and that a particular defendant has not sustained his burden of the affirmative defenses, then you proceed to consider the issue of damages for the claims on which the defendant has not sustained this burden.[6]

**Burden of Proof – Preponderance of the Evidence**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been provided by a preponderance of the evidence, you may consider the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that is equally probably that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence -- he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been provide by a preponderance of evidence.

---

[6] 4-73, Modern Federal Jury Instructions-Civil, P. 73.01 (Matthew Bender 3d ed.).

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.[7]

**Evidence In The Case**

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them.

To constitute evidence, exhibits must have been received or admitted into evidence. Exhibits which have been marked for identification or which were used to refresh a witness's recollection are not evidence unless they were admitted into evidence. During your deliberations, you will have the exhibits that were admitted into evidence with you in the jury room.

The questions posed by the lawyers are not evidence. It is the witnesses' answers that are evidence.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Statements, objections and arguments of counsel are not evidence in this case, because the lawyers are not witnesses. What the lawyers have said in their opening and closing statements is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

---

[7] Id. (citing Larson v. JoAnn Cab Corp., 209 F.2d 929 (2d Cir. 1954); Porter v. American Export Lines, Inc., 387 F.2d 409 (3d Cir. 1968); Virgin Islands Labor Union v. Caribe Construction Co., 343 F.2d 364 (3d Cir. 1965); Burch v. Reading Co., 240 F.2d 574 (3d Cir. 1957); Gardner v. Wilkinson, 643 F.2d 1135 (5th Cir. 1981); Disner v. Westinghouse Electric Corp., 726 F.2d 1106 (6th Cir. 1984); Toledo, St. L. & W. R. Co., v. Kountz, 168 F. 832 (6th Cir. 1909)).

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

If certain evidence was received for a limited purpose, you must consider that evidence for that limited purpose only.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.[8]

**Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.

To remind you of the example I gave you at the beginning of the case, assume that when you came in to the courthouse this morning, the sun was shining and it was a nice day. As you see, there are no windows in this courtroom. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts

---

[8] 4-74, Modern Federal Jury Instructions-Civil, P. 74.01 (Matthew Bender 3d ed.) (citing U.S. v. Aluminum Co. of America, 1 F.R.D. 62 (S.D.N.Y. 1939); Sims v. Greene, 161 F.2d 87 (3d Cir. 1947); Rodriguez v. Olin Corp., 780 F.2d 491, 496 (5th Cir. 1986); U.S. v. State of Texas, 523 F. Supp. 703 (E.D. Tex. 1981); Haines v. Powermatic Houdaille, Inc., 661 F.2d 94 (8th Cir. 1981); Rasmussen Drilling, Inc., v. Kerr-McGee Nuclear Corporation, 571 F.2d 1144 (10th Cir. 1978); Ninth Circuit Model Civil Jury Instruction 3.3-3.5).

which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

An inference may be drawn only if it is reasonable and logical, not if it is speculative. You are allowed to draw logical inferences from facts that you find to have been provided; but you may not go outside of the evidence to find the facts, nor to resort to guesswork or conjecture. While you may draw conclusions from proven facts, you may not draw inferences from their inferences. To aid you in better understanding this, in the rain example I used earlier, while you could infer from the wet umbrellas that it was raining, you could not infer that there was a thunderstorm as well without more evidence. In other words, you should be careful to avoid resorting to speculation, conjecture or guesswork to determine critical facts in this case.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.[9]

**Witness Credibility**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

---

[9] Id. (citing Michalic v. Cleveland Tankers, Inc., 364 U.S. 325, 330 (1960); United Textile Workers of America, AFL-CIO, Local Union No. 120 v. Newberry Mills, Inc., 238 F. Supp 366 (W.D.S.C. 1965); Ellis Fischel State Cancer Hosp. v. Marshall, 629 F.2d 563 (8th Cir. 1980); Daniels v. Twin Oaks Nursing Home, 692 F.2d 1321 (11th Cir. 1982); Ninth Circuit Model Civil Jury Instruction 3.6).

It must be clear to you now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did the witness appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was the witness' demeanor – that is, carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person said but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witnesses had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanation given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.[10]

---

[10] 4-76, Modern Federal Jury Instructions-Civil, P 76.01 (Matthew Bender 3d ed.) (citing Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620 (1944); Dyer v. MacDougall, 201 F.2d 265 (2d Cir. 1952); Arnstein v. Porter, 154 F.2d 464 (2d Cir. 1946); U.S. v. American Telephone and Telegraph, 83 F.R.D. 323 (D.D.C. 1979); Powers v. Bayliner Marine Corp., 83 F.3d 789 (6th Cir. 1996); Eighth Circuit Model Civil Jury Instruction 3.03; Ninth Circuit Model



**Credibility of Police Officers**

The testimony of a police officer is entitled to no special or exclusive treatment. The testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating his credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he is a law enforcement officer.[11]

**Number of Witnesses Called Is Not Controlling**

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a small number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.[12]

---

Civil Jury Instruction 3.7; Eleventh Circuit Pattern Civil Jury Basic Instruction 3)).

[11] U.S. v. Victoria-Peguero, 920 F. 2d 77 (1st Cir. 1990); U.S. v. Anagnos, 1988 U.S. App. LEXIS 2532 (1st Cir. 1988); Butler v. City of Camden, 352 F.3d 811 (3rd Cir. 2003); Wallace v. City of Evanston, 1990 U.S. Dist. LEXIS 16714 (N.D. Ill. 1990).

[12] Larson v. Jo Ann Cab Co., 209 F.2d 929 (2nd Cir. 1954); Odekirk v. Sears Roebuck & Co. 274 F.2d 441 (7th cir. 1960); Fetterly v. Paskett, 15 F.3d 1472 (9th Cir. 1994); Brownlow v. Aman, 740 F.2d 1476 (10th Cir. 1984).

**SECTION II. ISSUES IN THIS CASE**

Now I will turn to the specific claims made by the plaintiff, Akov Ortiz, and the defenses raised by the defendants J. Edward Brymer and Jorge Yepes.

**Mr. Ortiz's Complaint**

Mr. Ortiz, as the plaintiff in this lawsuit, has filed what the law calls a "complaint." The first part of Mr. Ortiz's complaint claims, pursuant to a federal statute set forth at Section 1983 of Title 42 of the U.S. Code (also referred to as "Section 1983" or "42 U.S.C. § 1983") that the defendant police officers violated his civil rights under the U.S. Constitution by depriving him of the right to be free from the use of excessive force. The second part of Mr. Ortiz's complaint, pursuant to a federal statute set forth at Section 1983 that the defendant police chief violated his civil rights under the U.S. Constitution by failing to adequately train the defendant police officers.

**Defenses of Brymer and Yepes**

In response to Mr. Ortiz's complaint, in addition to denying the claims I have just mentioned, defendants Brymer and Yepes have raised an affirmative defense to Mr. Ortiz's claims, stating that they are entitled to governmental immunity because they acted lawfully at all times and did not violate any known rights of the plaintiff.

**A. Violation of Plaintiff's Civil Rights – 42 U.S.C. § 1983**

The law to be applied in this part of the case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

The federal civil rights law found at Section 1983 of Title 42 of the U.S. Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to