be subjected, any citizen of the U.S. or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[13]

### Purpose of 42 U.S.C. § 1983

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the U.S. Constitution and federal statutes. Before Section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.[14]

### Burden of Proof

I shall shortly instruct you on the elements of the plaintiff's Section 1983 claims. But before I do, I want to remind you again that the plaintiff has the burden of proving each and every element of his Section 1983 claims by a preponderance of the evidence. If you find that any one of the elements of the plaintiff's Section 1983 has not been proven by a preponderance of the evidence, you must return a verdict for the defendant against whom that particular claim is being asserted.[15]

---

[13] 5-87, Modern Federal Jury Instructions-Civil, P 87.03 (Matthew Bender 3d ed.) (citing Gonzaga Univ. v. Doe, 536 U.S. 273 (2002)).
[14] Id. (citing Gonzaga Univ. v. Doe, 536 U.S. 273 (2002); Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982); Imbler v. Pachtman, 424 U.S. 409 (1976); Mitchum v. Foster, 407 U.S. 225 (1972); Monroe v. Pape, 365 U.S. 167 (1961)).
[15] Id. (citing Gomez v. Toledo, 446 U.S. 635 (1980); Alexander v. Alexander, 706 F.2d 751 (6th Cir. 1983); Beard v. Mitchell, 604 F.2d 485 (7th Cir. 1979); Buller v. Buechler, 706 F.2d 844 (8th Cir. 1983); Landrum v. Moats, 576 F.2d 1320 (8th Cir. 1978); McGhee v. Draper, 564 F.2d 902 (10th Cir. 1979)).

### Elements of a Section 1983 Claim

To establish a claim under Section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the U.S.; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I will now examine each of the three elements in greater detail.[16]

**1.     First Element – Acting Under Color of State Law**

In this case you do not need to determine if the defendants were acting under the color of state law. The parties agree that the defendants were police officers for the City of Middletown and were acting under color of state law at all times relevant to this action. I therefore instruct you that the plaintiff has satisfied the first element of his Section 1983 claim.

**2.     Second Element – Deprivation of Right**

The second element of the plaintiff's claim is that he was deprived of a federal right by the defendants. In order for the plaintiff to establish the second element, he must show that the defendants committed the acts alleged by the plaintiff and that those acts caused the plaintiff to be deprived of a federal right or rights.[17]

---

[16] Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981); Eagleston v. Guido, 41 F.3d 865 (2nd Cir. 1994); Martinez-Velez v. Simonet, 919 F.2d 808 (1st Cir. 1990); New Burnham Prairie Homes, Inc. v. Village of Burnham, 910 F.2d 1474 (7th Cir. 1990)).

[17] Id. (citing Conn v. Gabbert, 526 U.S. 286 (1999); Maine v. Thiboutot, 448 U.S. 1 (1980); Martinez v. California, 444 U.S. 277 (1980); Baker v. McCollan, 443 U.S. 137 (1979); Monell v. Department of Social Servs, 436 U.S. 658 (1978); Young v. County of Fulton, 160 F.3d 899 (2d Cir. 1998); Marshall v. Switzer, 10 F.3d 925 (2nd Cir. 1993); Fournier v. Reardon, 160 F.3d 754 (1st Cir. 1998); Mellott v. Heemer, 161 F.3d 117 (3rd Cir. 1998); Dahl v. Akin, 630 F.2d 277 (5th Cir. 1980); Miller by Miller v. Whitburn, 10 F.3d 1315 (7th Cir. 1993); Morstad v. Department of Corrections & Rehab., 147 F.3d 741 (8th Cir. 1998); Delew v. Wagner, 143 F.3d 1219 (9th Cir. 1998); Nieto v.

When considering whether the defendants' actions deprived the plaintiff of a federal right or rights in this case, it is not necessary for you to find that the defendants had any specific intent to deprive the plaintiff of his constitutional rights, or that the defendants acted with malice or ill will toward the plaintiff. The plaintiff is entitled to relief if the defendants intended the actions which resulted in the violation of the plaintiff's constitutional rights. Whether any of the defendants acted with subjective good faith is irrelevant, and the plaintiff need not prove that any of the defendants had an evil heart.[18]

### Excessive Use of Force – Fourth Amendment

The plaintiff has a right, under the Fourth Amendment of the U.S. Constitution, to not be subjected to excessive force while being arrested and not to be subjected to excessive force after arrest and prior to the time when he was arraigned and formally charged by a judge, when he remained in the custody of the police officers in this case. In other words, a law enforcement official may only employ an amount of force necessary under the circumstances to make an arrest and while the person arrested is in the custody of the police officers, prior to his appearance before a judge.

In this case, the plaintiff claims he was subjected to excessive force by the defendants when they arrested the plaintiff and while he was in the custody of the arresting officers, before he appeared before a judge. Again, you must first determine whether the defendants committed the alleged acts. To determine whether the defendants' acts caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used to affect the arrest and keep him in custody was that which a reasonable officer would have employed under similar

---

Kapoor, 268 F.3d 1208 (10th Cir. 2001); Brown v. Cochran, 171 F.3d 1329 (11th Cir. 1999); Wilson v. Blankenship, 163 F.3d 1284 (11th Cir. 1998)).
[18] Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Monroe v. Pape, 365 U.S. 167 (1961); Whirl v. Kern, 407 F.2d 781 (5th Cir. 1968).

circumstances. In making this determination, you may take into account the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the defendants or others, and whether the plaintiff actively resisted or attempted to evade arrest by flight. However, you do not have to determine whether the defendants had less intrusive alternatives available as the defendants need only to have acted within the range of conduct identified as reasonable. If you find that the amount of force used was greater than a reasonable officer would have employed under the same circumstances, the plaintiff will have established the claim of loss of a federal right.[19]

## Failure to Train

There is a violation of the plaintiff's civil rights if a failure to adequately train the police force resulted in a deliberate indifference to the **constitutional rights** of the plaintiff. In other words, police departments must train their officers in such a way that when dealing with the public they do not infringe on their constitutional rights such as right to free speech, right to assembly, or right to not be subjected to excessive force.

In this case, the plaintiff claims that the Chief Brymer did not adequately train his police officers so that when arresting him they infringed on the plaintiff's Constitutional rights. In

---

[19] Id. (citing Graham v. Connor, 490 U.S. 386 (1989); Illinois v. Lafayette, 462 U.S. 640 (1983); U.S. v. Martienz-Fuerte, 428 U.S. 543 (1976); Amato v. City of Saratoga Springs, 170 F.3d 311 (2d Cir. 1999); Hemphill v. Schott, 141 F.3d 412 (2d Cir. 1998); Lowth v. Town of Cheektowaga, 82 F.3d 563 (2nd Cir. 1996); Gibeau v. Nellis, 18 F.3d 107 (2nd Cir. 1994); DeGraff v. District of Columbia, 120 F.3d 298 (D.C. Cir. 1997); Alexis v. McDonald's Restaurants, 67 F.3d 341 (1st Cir. 1995); Tatro v. Kervin, 41 F.3d 9 (1st Cir. 1994); Sharrar v. Felsing, 128 F.3d 810 (3d Cir. 1997); Groman v. Manalapan, 47 F.3d 628 (3d Cir. 1995); Sigman v. Chapel Hill, 161 F.3d 782 (4th Cir. 1998); Stanley v. Hejirika, 134 F.3d 629 (4th Cir. 1998); Pittman v. Nelms, 87 F.3d 116 (4th Cir. 1996); Drewit v. Pratt, 999 F.2d 774 (4th Cir. 1993); Heitschmidt v. Houston, 161 F.3d 834 (5th Cir. 1998); Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997); Bass v. Robinson, 167 F.3d 1041 (6th Cir. 1999); Cox v. Treadway, 75 F.3d 230 (6th Cir. 1996); Omdahl v. Lindholm, 170 F.3d 730 (7th Cir. 1999); Soller v. Moore, 84 F.3d 964 (7th Cir. 1996); Stachniak v. Hayes, 989 F.2d 914 (7th Cir. 1993); Nelson v. County of Wright, 162 F.3d 986 (8th Cir. 1998); Schulz v. Long, 44 F.3d 643 (8th Cir. 1995); King v. Davis, 980 F.2d 1236 (8th Cir. 1992); Reynolds v. County of San Diego, 84 F.3d 1162 (9th Cir. 1996); Scott v. Henrich, 39 F.3d 912 (9th Cir. 1994); Chew v. Gates, 27 F.3d 1432 (9th Cir. 1994); Sevier v. Lawrence, 60 F.3d 695 (10th Cir. 1995); Butler v. Norman, 992 F.2d 1053 (10th Cir. 1993); Thornton v. Macon, 132 F.3d 1395 (11th Cir. 1998); Montoute v. Carr, 114 F.3d 181 (11th Cir. 1997); Brown v. Hialeah, 30 F.3d 1433 (11th Cir. 1994)).

order to determine whether or not Chief Brymer failed to train the police officers in the present case you must determine three things. First, whether Chief Brymer knew that his officers would at some point confront a situation such as the one they confronted with the plaintiff. Second, you must determine whether the situation the police officers encountered with Mr. Ortiz is the type of situation that either presents the police officer with a difficult choice of the sort that training would make less difficult or that there is a history of police officers mishandling this type of situation. Third, that when faced with a difficult situation such as the current one that making the wrong choice on how to deal with such a situation will frequently cause the deprivation of a citizen's constitutional rights. If you find that Chief Brymer knew his officers would confront a difficult arrest situation, that training could make such a situation easier, and that mishandling a difficult arrest situation could lead to a violation of constitutional rights, then the plaintiff will have established a claim for failure to train.[20]

### State of Mind

I instruct you that, to establish a claim under Section 1983, the plaintiff must show that the defendant acted intentionally or recklessly. If you find that the acts of the defendant were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendants.[21]

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether the defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person

---

[20] City of Canton v. Harris, 489 U.S. 378 (1989); Monell v. New York City Dept. of Social Serv., 436 U.S. 658 (1978); Brown v. Bryan County, 219 F.3d 450 (5th Cir. 2000); Santiago v. City of Hartford, 2005 U.S. Dist. LEXIS 19898 (D. Conn. 2005).

[21] Id. (citing Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986); Shaw by Strain v. Strackhouse, 920 F.2d 1135 (3d Cir. 1991); Varnado v. Collins, 920 F.2d 320 (5th Cir. 1991); Harrell v. Cook, 169 F.3d 428 (7th Cir. 1999); Bryson v. City of Edmond, 905 F.2d 1386 (10th Cir. 1990).

does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.[22]

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendant acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a persons' mind. Therefore, you have to depend on what was done and what the people involved said was on their minds and your belief or disbelief with respect to those facts.[23]

While there are no claims of negligence in this case, I will explain to you the meaning of a negligent action so you are able to contrast such an action with one that was done intentionally or recklessly. An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation. In negligence, the actor does not desire to bring about the consequences which follow, nor does he know that that they are substantially certain to occur, or believe that they will. There is merely the risk of such consequences, sufficiently great to lead a reasonable person in the defendant's position to guard against them.[24]

### 3. Third Element – Causation/Proximate Cause

The third element which the plaintiff must prove to establish a constitutional claim is that the defendants' acts were a proximate cause of the plaintiff's alleged injuries. This means that if you find that a defendant or defendants deprived the plaintiff of a constitutional right or rights,

---

[22] Id.
[23] Id.
[24] Id.

you must still find that such deprivation or conspiracy was the proximate cause of the plaintiff's injuries. Proximate cause means that there must be a sufficient causal connection between the act or omission of each defendant and any injury or damage allegedly sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission was the proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of one or more of the defendants. If you find that the defendants have proven by a preponderance of the evidence that the injury which the plaintiff complains about would have occurred, or did occur, in the absence of the defendants' conduct, you must find that the defendants did not proximately cause the plaintiff's injuries.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if a plaintiff's injury was caused by a new or independent source of an injury, or the plaintiff's own actions, which interferes or supersedes the defendant's act or

omission and the plaintiff's injury, and which produces a result which was not reasonably foreseeable by the defendants.[25]

### Duty to Prevent Other Officers from Violating Rights

Police officers have an affirmative duty to enforce the law and preserve the peace. This includes stopping other police officers from violating someone's constitutional rights. A police officer may not ignore the duty imposed by his office and fail to stop other officers who violate the constitutional rights of a third person in his presence. Thus, if you find that either of the defendants used excessive force against Mr. Ortiz, and another defendant observed or had reason to know of these constitutional violations, and was in a position to and had the ability to stop these actions, but did nothing to prevent it, you may hold that defendant liable as well for the unlawful act or acts of his co-defendant.[26]

---

[25] Id. (citing Grivhan v. Western Line Consolidated School District, 439 U.S. 410 (1979); Mt. Healthy City School District Board of Educ. v. Doyle, 429 U.S. 274 (1977); Gierlinger v. Gleason, 160 F.3d 858 (2d Cir. 1998); Best v. Essex County, New Jersey Hall of Records, 986 F.2d 54 (3rd Cir. 1993); McCord v. Maggio, 927 F.2d 844 (5th Cir. 1991); Beard v. Mitchell, 604 F.2d 485 (7th Cir. 1979); Butler v. Dowd, 979 F.2d 661 (8th Cir. 1992); Coral Construction Company v. King County, 941 F.2d 910 (9th Cir. 1991); Arnold v. IBM, 637 F.2d 1350 (9th Cir. 1981); Johnson v. Duffy, 588 F.2d 740 (9th Cir. 1978)).

[26] O'Neil v. Krzeminski, 839 F.2d 9 (2nd Cir. 1988); Phoenix v. Reddish, 175 F.Supp. 2d 215 (D. Conn. 2001).

## Affirmative Defense – Governmental Immunity

The doctrine of governmental immunity may also apply as an affirmative defense to the plaintiff's claims. In Connecticut, a municipal employee such as a police officer has a limited immunity in the performance of a governmental duty. This first means that a municipal employee may ordinarily be liable for his actions only if he misperforms a ministerial act, as opposed to a discretionary act. The word "ministerial" refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. On the other hand, how to detain someone where there is probable cause and how much force to employ are matters calling for the exercise of discretion and judgment.

If you determine that either of the defendants violated the plaintiff's state law rights as explained above, you must then determine whether those acts constitute discretionary governmental actions for which the defendant, as a municipal employee, is generally immune, unless: (1) the circumstances made it apparent to the defendant that his failure to act would be likely to subject an identifiable person to imminent harm; or (2) the defendant's acts involved malice, wantonness or intent to injure, rather than mere negligence. If you find that the plaintiff has proven to you by a preponderance of the evidence that either of these two circumstances existed, then the defendant would not be entitled to governmental immunity. If, however, you find that neither of these two circumstances existed, then the defendant would be entitled to governmental immunity for any misperformance of his discretionary duties.[27]

---

[27] Hughes v. City of Hartford, 96 F.Supp. 2d 114 (D. Conn. 2000); Borstein v. Philadelphia, 595 F.Supp. 853 (E.D. Pa. 1984).

## SECTION III.    DAMAGES

### Compensatory Damages (All Claims)

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not damages should be awarded in this case.

If you find that any defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, then you should consider the question of damages. There are essentially two kinds of damages which can be awarded in a lawsuit – compensatory damages and punitive damages. Compensatory damages are designed to fairly and justly compensate the plaintiff for any injuries suffered by him. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, impairment of his faculties, the effect upon the normal use of his faculties so far as these resulted from this incident, and other pain and suffering. Thus, in fixing compensatory damages, it is for you, in the exercise of your best judgment, to determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendants.

Among the elements of injury and harm for which compensation may be awarded are:

a. Any physical harm to the plaintiff during and after the impairment or injury received, including imprisonment and loss of freedom, pain, medical expense, and loss of the ability to enjoy the usual and ordinary aspects of human life.

b. Any emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future.

I remind you that you may award compensatory damages only for injuries that the plaintiff has proven were proximately caused by the defendants' wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff has proven he actually suffered, or which he is reasonably likely to suffer in the future, which were a direct result of the conduct of the defendants. Furthermore, in awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. In all instances, you are to use sound discretion in fixing an award of damages, based upon the facts and circumstances in evidence.

You should also note that there are two types of compensatory damages. The first are called economic damage. These are out-of-pocket expenses incurred by, or on behalf of, the injured person. In this case, there has been no evidence that the plaintiff incurred out-of-pocket expenses. The second types of damages are called non-economic damages. These include pain and suffering, mental anguish and disruption of the ordinary activities of life. The plaintiff is entitled to be compensated for all of the physical pain and suffering arising out of his injuries. The assessment of these damages is solely within your province. Factors to be considered are the incident itself, the physical suffering and anguish which you find to have resulted from the injuries sustained as a result of the incident, the injuries themselves, and past, present and future pain and suffering.[28]

---

[28] Id. (citing Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Smith v. Wade, 461 U.S. 30 (1983); Carey v. Piphus, 435 U.S. 247 (1978); Amato v. Saratoga Springs, 170 F.3d 311 (2d Cir. 1999); Gibeau v. Nellis, 18F.3d 107 (2nd Cir. 1994); Davet v. Maccarone, 973 F.2d 22 (1st Cir. 1992); Batista v. Weir, 340 F.2d 74 (3d Cir. 1965); Silor v. Romero, 868 F.2d 1419 (5th Cir. 1989); Familias Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980) Butler v. Dowd, 979 F.2d 661 (8th Cir. 1992), cert. denied, 113 S. Ct. 2395, 124 L.Ed.2d 297 (1993); Green v. Johnson, 977 F.2d 1383 (10th Cir. 1992); Jolivet v. Deland, 966 F.2d 573 (10th Cir. 1992)); 4-77, Modern Federal Jury Instructions-Civil, P. 77.01 (Matthew Bender 3d ed.) (citing Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555 (1931); Kinty v. United Mine Workers of America, 544 F.2d 706 (4th Cir. 1976); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir. 1962); U.C. Castings Co. v. Knight, 754 F.2d 1363 (7th