## Damages for the Mere Fact of Violation (All Claims)

If you return a verdict for the plaintiff, but find that the plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in the nominal or token amount of one dollar.

Nominal damages must be awarded when a plaintiff has been deprived by a defendant of a right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation or violation of state law occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that the plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a constitutional deprivation or violation of state law, you must award nominal damages of one dollar.[29]

## Causation and Damages (All Claims)

I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendants in violation of the plaintiff's rights. You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the defendant deprived the plaintiff of his rights, you must ask whether the plaintiff has proven by a preponderance of evidence that the deprivation caused the damage that he claims to have suffered.

---

Cir. 1985); Luria Brothers & Co., Inc. v. Pielet Brothers Scrap Iron Metal, Inc., 600 F.2d 103 (7th Cir. 1979); Bluebonnet Savings Bank v. U.S., 339 F.3d 1341 (Fed. Cir. 2003); Fifth Circuit Pattern Civil Jury Instruction 15.2).
[29] 5-87, Modern Federal Jury Instructions-Civil, P. 87.03 (Matthew Bender 3d ed.) (citing Carey v. Piphus, 435 U.S. 247 (1978); Amato v. Saratoga Springs, 170 F.3d 311 (2d Cir. 1999); LeBlanc-Sternberg v. Fletcher, 67 F.3d 412 (2nd Cir. 1995); Gibeau v. Nellis, 18 F.3d 107 (2d Cir. 1994); Davet v. Maccarone, 973 F.2d 22 (1st Cir. 1992); Familias Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980); Sutton v. Cleveland Bd. of Educ., 958 F.2d 1339 (6th Cir. 1992); Smith v. Chicago, 913 F.2d 469 (7th Cir. 1990); George v. Long Beach, 973 F.2d 706 (9th Cir. 1992); Long v. Shillinger, 927 F.2d 525 (10th Cir. 1991); Williams v. Bennett, 689 F.2d 1370 (11th Cir. 1982)).

If you find that the damage suffered by the plaintiff was partly the result of conduct by the defendant that was legal and partly the result of conduct by him that was illegal, you must apportion the damages between the legal and illegal conduct – that is, you must assess the relative importance of the legal and the illegal conduct and allocate the damages accordingly.[30]

### Individual Defendant's Liability

In addition, you must be careful to impose damages only upon the defendant or defendants whom you may find liable on a particular claim. Although there are two defendants in this case, it does not follow that if you find one defendant liable, you must also find the other defendant liable. Each defendant is entitled to fair, separate, and individual consideration of the case without regard to your decision as to the other individual defendant.

Nevertheless, you might find both defendants are liable for a particular injury. As I have previously mentioned, if two or more persons unite in an intentional act that violates another person's right, then all of those persons unite in an intentional act of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. Thus, if you find that the two defendants acted jointly, then you may treat them jointly for purposes of assessing damages. If you decide that the two defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.

### Punitive Damages (For Violation of Civil Rights Under Section 1983)

---

[30] Id. (citing Carey v. Piphus, 435 U.S. 247 (1978); Mount Healthy City School Dist. Bd. of Ed. v. Doyle, 429 U.S. 274 (1977); Gentile v. County of Suffolk, 926 F.2d 142 (2d Cir. 1991); Brewer v. Chauvin, 938 F.2d 860 (8th Cir. 1991); Allen v. Autauga County Bd. of Ed., 685 F.2d 1302 (11th Cir. 1982)).

If you award the plaintiff compensatory damages for a violation of his civil rights under Section 1983, then you may also give a separate and additional award of punitive damages. Punitive damages may also be awarded even if you only give the plaintiff nominal damages in the event you find that the plaintiff has failed to establish compensatory damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendants were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the plaintiff. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the plaintiff. The plaintiff has the burden of proving, by a preponderance of the evidence that defendants acted maliciously or wantonly with regard to his rights.

An intent to harm exists when a defendant has a conscious desire to violate constitutional rights of which he is aware, or when a defendant has a conscious desire to harm a plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused a deprivation of a constitutional right, or the failure to undertake certain acts, does not by itself establish that a defendant has a conscious desire to unlawfully deprive a plaintiff of his constitutional rights.

If you find by a preponderance of the evidence that the defendants acted with malicious intent to violate the plaintiff's constitutional rights or if you find that the defendants acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal

requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the defendants may be adequately punished by an award of compensatory damages, only, or whether the conduct is so extreme and outrageous that compensatory damages are inadequate to punish the wrongful conduct. You should also consider whether compensatory damages standing alone are likely to deter or prevent these defendants from again performing any wrongful acts they may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the defendants may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter the defendants or persons like them from committing wrongful acts in the future.[31]

---

[31] 5-87, Modern Federal Jury Instructions-Civil, P. 87.03 (Matthew Bender 3d ed.) (citing Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Smith v. Wade, 461 U.S. 30 (1983); Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981); Carlson v. Green, 446 U.S. 14 (1980); Carey v. Piphus, 435 U.S. 247 (1978); Mathie v. Fries, 121 F.3d 808 (2d Cir. 1997); Vasbinder v. Ambach, 926 F.2d 1333 (2d Cir. 1991); Keenan v. Philadelphia, 983 F.2d 459 (3rd Cir. 1992); Abraham v. Pekarski, 728 F.2d 167 (3d Cir. 1984); Sockwell v. Phelps, 20 F.3d 187 (5th Cir. 1994); Walker v. Norris, 917 F.2d 1449 (6th Cir. 1990); Bogan v. Stroud, 958 F.2d 180 (7th Cir. 1992); Crawford v. Garnier, 719 F.2d 1317 (7th Cir. 1983); Cunningham v. Overland, 804 F.2d 1069 (8th Cir. 1986); Wade v. Haynes, 663 F.2d 778 (8th Cir. 1981), aff'd sub nom., Smith v. Wade, 461 U.S. 30 (1983); Kennedy v. Los Angeles Police Department, 901 F.2d 702 (9th Cir. 1990); Nieto v. Kapoor, 268 F.3d 1208 (10th Cir. 2001); Green v. Johnson, 977 F.2d 1383 (10th Cir. 1992); Jolivet v. Deland, 966 F.2d 573 (10th Cir. 1992); Caban-Wheeler v. Elsea, 71 F.3d 837 (11th Cir. 1996); Glover v. Alabama Dept. of Corrections, 734 F.2d 691 (11th Cir. 1984)).

SECTION IV.   INSTRUCTIONS FOR DELIBERATIONS

### Right to See Exhibits and Hear Testimony
### Communications With Court

You are about to go into the jury room and begin your deliberations. The exhibits will be with you in the jury room. If you want any of the testimony read, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony. I will also give you one copy of these instructions.

Your requests for testimony – in fact any communication with the court – should be made in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached. I caution you, also, not to communicate to me any numerical division of how you stand during your deliberations.[32]

### Duty To Deliberate/Unanimous Verdict

You will now return to decide the case. In order to prevail, the plaintiff must sustain his burden of proof as I have explained to you with respect to each element of the complaint. If you find that the plaintiff has succeeded and the defendants have not proved their affirmative defenses, you should return a verdict in his favor on that claim. If you find that the plaintiff failed to sustain his burden on any element of his claim, you should return a verdict against him.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change

---

[32] 4-78, Modern Federal Jury Instructions-Civil, P. 78.01 (Matthew Bender 3d ed.) (citing Fifth Circuit Pattern Civil Jury Instruction 2.12; Eighth Circuit: Eighth Circuit Model Civil Jury Instruction 3.06; Ninth Circuit Model Civil Jury Instruction 3.14; Eleventh Circuit Pattern Civil Jury Instruction 8).

an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion or other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.[33]

### Selection of Foreperson

When you retire, you should elect one member of the jury as you foreperson. That person will preside over the deliberations and speak for you here in open court.[34]

### Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court. Once you verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.[35]

---

[33] Id. (citing American Publishing Co. v. Fisher, 166 U.S. 464 (1896); Grace Lines, Inc. v. Motley, 439 F.2d 1028 (2d Cir. 1971); Jazzabi v. Allstate Ins. Co., 278 F.3d 979 (9th Cir. 2002); Bledsoe v. Garcia, 742 F.2d 1237 (10th Cir. 1984); Fifth Circuit Pattern Civil Jury Instruction 2.11; Eighth Circuit Model Civil Jury Instruction 3.06; Ninth Circuit Model Civil Jury Instruction 4.1; Eleventh Circuit Pattern Civil Jury Basic Instruction 7.1, 7.2).
[34] Id. (citing Eighth Circuit Model Civil Jury Instruction 3.06; Ninth Circuit Model Civil Jury Instruction 4.1).
[35] Id. (citing Fifth Circuit Pattern Civil Jury Instruction 2.12; Eighth Circuit Model Civil Jury Instruction 3.06; Ninth Circuit Model Civil Jury Instruction 4.3; Eleventh Circuit Pattern Civil Jury Instruction 8).

### General Verdict Form

I have prepared a general verdict form for you to use in recording your decision. On the form, there are spaces to indicate your verdict on each of the plaintiff's claims against the defendants. Remember, each verdict must be unanimous and must reflect the conscientious judgment of each juror. You should return a verdict on each claim.[36]

### Review of Verdict Form

I will now summarize the verdict form for you, and I invite you to review it with me, so that you will have some idea of the task before you and the method by which in due course you shall report your conclusions.

There are five sections to this verdict form. Section One deals with Mr. Ortiz's excessive force claim in connection with being shot. Section Two deals with Mr. Ortiz's excessive use of force claim in connection with being beaten and pistol-whipped. Section Three deal with Mr.Ortiz's claim that the police chief failed to adequately train his police officers. Section Four deals with punitive damages. And finally, Section five requires the foreperson to sign and date the verdict form.

You are to proceed through this form section by section and answer each question as directed by the form. For example, as to Section One, concerning Mr. Ortiz's excessive force claim in connection with being shot, answer question number one either "Yes" or "No" for each defendant. If your answer to question number one is "No" for both defendants, do not answer any more questions in Section One and, instead, proceed to Section Two of the verdict form. If your answer to question number one of Section One is "Yes" for any defendant or defendants, you must answer question number two of Section One for that defendant or defendants. With respect to question two, should you get there, you must put in a dollar amount next to the dollar

---
[36] Id.

symbol even if only nominal damages are awarded of $1. As you proceed through the first section of the verdict form, you should answer the questions in the manner I have just described for you.

Section Four deals with punitive damages. With respect to question one: if and only if you have determined that any of the defendants violated the U.S. Constitution, and you have awarded either compensatory or nominal damages on those claims, you should indicate whether you also award punitive damages to the plaintiff, and you should indicate what amount. You must answer the question for each defendant, and if you answer "Yes" for any defendant, you must then fill in a dollar amount for that defendant.

When you have completed Sections One through Four, the foreperson should sign and date the verdict form in Section Five.

### Final Instruction

Now the time has come for you to retire to the jury room. When you go to the jury room, do not begin to deliberate until you receive from the Deputy Clerk all the exhibits you are to consider and until she formally directs you to begin your deliberations.

I remind you that, at the completion of your deliberations, the foreperson should communicate to the court through a signed writing that a verdict has been reached. **Please do not send me the verdict form.** Please note that you should not indicate what your verdict is, but merely state that a verdict has been reached. Then, have the foreperson bring the executed verdict from with him or her into court.

## Verdict Form

**Section #1 – Excessive Force, Shooting**

**Question #1**

Did defendant Yepes violate the plaintiff's constitutional rights to be free from excessive force by shooting defendant?

YES ___ NO ___   (if Yes, proceed to Section #1, Question #2;
                  if No, proceed to Section #2)

**Question #2**

Please enter the amount of damages plaintiff is entitled to recover as a result of having his right violated by being shot (minimum $1): $_____ (proceed to Section #2)

**Section #2 – Excessive Force, Beating**

**Question #1**

Did defendant Yepes violate the plaintiff's constitutional rights to be free from excessive force by beating defendant?

YES ___ NO ___   (if Yes, proceed to Section #2, Question #2;
                  if No, proceed to Section #3)

**Question #2**

Please enter the amount of damages plaintiff is entitled to recover as a result of having his right violated by being shot (minimum $1): $_____ (proceed to Section #3)

**Section #3 – Failure to Train**

**Question #1**

Did defendant Brymer violate the plaintiff's constitutional rights by failing to properly train the officers who arrested plaintiff?

   YES ___ NO ___ (if Yes, proceed to Section #3, Question #2;
           if No, proceed to Section #4)

**Question #2**

Please enter the amount of damages plaintiff is entitled to recover as a result of having his right violated by being shot (minimum $1): $_____ (proceed to Section #4)


**Section #4 – Punitive Damages**

If you answered "YES" to Question #1 in <u>any</u> of the previous Sections, please proceed to Section 4, Question #1. If you answered "NO" to Question #1 in <u>all</u> of the previous Sections, please proceed to Section #5

**Question #1**

Was defendant's conduct extreme or outrageous?

  As to defendant Yepes: YES ___ NO ___ (proceed to Section #4, Question #2)

  As to defendant Brymer: YES ___ NO ___ (proceed to Section #4, Question #2)

**Question #2**

Do you wish to deter or prevent defendant and others like him from committing similar misconduct in the future?

  As to defendant Yepes: YES ___ NO ___ (proceed to Section #4, Question #3)

  As to defendant Brymer: YES ___ NO ___ (proceed to Section #4, Question #3)

**Question #3**

If you answered "NO" to Section #4, Questions #1 and #2, proceed to Section #5.  If you answered "YES" to Section #4, Questions #1 or #2, proceed answer the question below:

Please enter the amount of punitive damages: $_____ (proceed to Section #5)

**Section #5 – Sign & Date**

**The answers to the above questions are the unanimous answers of the jury.**

_____
**Foreperson**
**Print name:**_____

_____
**DATE**