2



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AKOV ORTIZ, | : CASE NO. 3:02CV01369(HBF) |
| Plaintiff, | : |
| V. | : |
| J. BRYMER, IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE FOR MIDDLETOWN, CT AND IN HIS INDIVIDUAL CAPACITY, and POLICE OFFICER YEPES, IN HIS OFFICIAL CAPACITY AS POLICE OFFICER FOR MIDDLETOWN, CT, | : : : : OCTOBER 17, 2005 |
| Defendants. | : |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE
REFERENCE TO THE MURDER OF L. LABBADIA
AND THE BURGLARLY OF 26 PLAINS RD., HADDAM.**

I.  **INTRODUCTION**

Plaintiff, Akov Ortiz ("Plaintiff" or "Ortiz"), respectfully submits this motion in limine to preclude reference to the 1998 murder of Louie Labbadia (the "Labbadia murder") and the 1997 burglary of 26 Plains Rd., Haddam (the "Haddam burglary") for the following reasons: (1) Any reference to either event is inappropriate character evidence prohibited by Federal Rule of Evidence ("FRE") 404(b); (2) Any probative value that might be gleaned by reference to either event would be substantially outweighed by the reference's prejudicial effect and is, therefore, prohibited by FRE 403 and 609(a); (3) Delving into the Labbadia murder or the Haddam burglary would irreparably complicate and confuse the instant case in violation of FRE 403; and (4) Both events are irrelevant to the instant matter and therefore prohibited by FRE 402.

**EXHIBIT 2**

For all of the foregoing reasons, Plaintiff respectfully requests that his motion in limine be granted.

## II. BACKGROUND

This case stems from the botched arrest of Ortiz on August 11, 1999. That evening, without adequate planning or preparation, the Middletown Police Department attempted to execute an arrest warrant on Ortiz for domestic abuse charges. Under the direction of Chief J. Edward Brymer, Middletown police attempted to arrest Plaintiff at approximately 1:00 a.m. at the Wesley School in Middletown, Connecticut. As a result of poor planning, lack of preparation, and inadequate training, Ortiz and two Middletown police officers were shot and wounded during the attempted arrest.

Upon realizing that his assailants were police officers, Ortiz surrendered by throwing away his weapon, dropping to his knees, and raising his hands in submission. After surrendering, Officer Jorge Yepes ("Yepes") assaulted Ortiz in violation of Ortiz's constitutional rights by (1) shooting Ortiz, (2) violently driving his knee into Ortiz's back, (3) repeatedly striking Ortiz in the head and face with his gun and fist, and (4) threatening to kill him.

On May 24, 2004, Ortiz pled guilty to unrelated charges stemming from the 1997 burglary of a home located at 26 Plains Road in Haddam and the 1998 murder of Louie Labbadia. The burglary and murder cases were tried independently of the case resulting from the events at Wesley School on August 11, 1999. Although the State sought to consolidate the three cases, Judge Patrick J. Clifford ruled that the Wesley School incident was "a totally different case" that must be tried separately. See Transcript dated September 7, 2001 at 62 (attached as Exhibit A).

For his role in the Wesley School incident, Ortiz is currently serving a thirty-three year sentence.

### III. ARGUMENT

#### A. Reference to the Labbadia murder or the Haddam burglary is impermissible propensity evidence prohibited by FRE 404(b).

Prior acts cannot be used to establish Plaintiff's character or to prove that he acted in accordance with that character. See Fed. R. Ev. 404(b). Pursuant to FRE 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Id.; see also United States v. Oskowitz, 294 F. Supp. 2d 379, 381-82 (S.D.N.Y. 2003) ("Evidence of other crimes or acts is not admissible to prove that a defendant acted in this instance in conformity with her earlier behavior."). Consequently, Defendants may not reference the Labbadia murder or the Haddam burglary to prove Ortiz has a propensity for violence or other unlawful activity.

As stated by Judge Janet C. Hall in the Courts' Ruling on Defendants' Motion for Summary Judgment, the key issue in this case is "whether Yepes shot Ortiz, whether Yepes hit Ortiz in the head with his hand and gun and, if so, whether such force was objectively reasonable." Ruling on Defendants' Motion for Summary Judgment, p. 8 (August 17, 2004) (attached as Exhibit B). Determination of whether force was objectively reasonable "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an *immediate* threat to the safety of the officers or others, and whether he is *actively* resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 397 (1989) (emphasis added).

In Hynes v. Coughlin, 79 F.3d 285 (2d Cir. 1996), the Second Circuit held that prior bad acts evidence in a similar case brought pursuant to 42 U.S.C. § 1983 could not be referenced.

3

See Hynes, 79 F.3d at 293. In that case, "the key disputed issue at trial was who initiated the physical altercations" that were the basis of the plaintiff's claim that two prison guards used excessive force in violation of his civil rights Id. at 292. Where the relevant issues at trial are so limited, the likelihood that evidence of attenuated prior bad acts is used for an improper purpose is increased. In Hynes, admission of the prior acts left the court with "no confidence whatever that the improperly admitted evidence did not substantially influence the jury." Id. at 293. Accordingly, the court remanded the case for a new trial without the wrongly admitted evidence. Id.

Similarly, here the key issue at trial will be whether Yepes shot or assaulted Ortiz after he surrendered. As in Hynes, reference to prior bad acts by Ortiz should be prohibited pursuant to FRE 404(b). To hold otherwise would result in the serious risk that the jury will make critical factual determinations on the basis of Ortiz's perceived propensity to commit bad and violent acts. The jury could decide to punish Ortiz for that propensity, when, in reality, they are irrelevant to the incident at issue. As a result, any reference to the Labbadia murder and the Haddam burglary should be prohibited because it cannot be used for any relevant purpose beyond character evidence prohibited by FRE 404(b).

> **B.     Reference to the Labbadia murder and the Haddam burglary is unfairly prejudicial to Plaintiff and thus prohibited by FRE 403 and 609(a)(1).**

It is well settled that, even if proper under Rule 404(b), evidence of other crimes may not be admitted if it would be unfairly prejudicial pursuant to FRE 403 and 609(a)(1). See, e.g., Old Chief v. United States, 519 U.S. 172, 182 (1997) ("There is, accordingly, no question that . . . evidence of a prior conviction is subject to analysis under Rule 403 for relative probative value and for prejudicial risk of misuse as propensity."); United States v. Inserra, 34 F.3d 83, 89 (2d Cir. 1994)("We follow an inclusionary rule, allowing the admission of such evidence for any

4

purpose other than to show a [party's] criminal propensity, as long as the evidence is relevant *and* satisfies the probative-prejudice balancing test of *Rule 403 of the Federal Rules of Evidence.*") (first emphasis added).

In this case, reference to the Labbadia murder or the Haddam burglary would unfairly prejudice a jury against Ortiz in violation of FRE 403 and 609 (a)(1). FRE 403 prohibits reference to otherwise relevant evidence when "its probative value is substantially outweighed by the danger of unfair prejudice. . . ." Similarly, FRE 609(a)(1) states that impeachment by evidence of conviction of a crime is admissible only if "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect." In other words, propensity evidence, even if relevant, must be prohibited when substantially outweighed by a risk of unfair prejudice: "The inquiry [into character evidence] is not rejected because character is irrelevant; on the contrary it is said to weigh too much with the jury to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity. . . ." Graham v. Connor, 519 U.S. 172, 181 (1997) (quoting Michelson v. United States, 335 U.S. 469, 475-76 (1948)).

With regard to the critical determination of whether Ortiz was inappropriately injured after he surrendered, reference to the Labbadia murder or the Haddam burglary would unfairly prejudice Ortiz in a manner that substantially outweighs any probative value. The violent nature of these acts would distract and enflame the jury, rendering them unable to make this determination objectively. As the U.S. Supreme Court has observed, "[w]here a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious. . . ." Old Chief, 519 U.S. at 185. Here, this "especially obvious" risk of unfair prejudice would substantially outweigh any highly limited probative value evidence of the Labbadia murder or the Haddam burglary might serve.

5

**C.  Reference to the Labbadia murder or the Haddam burglary would irreparably complicate and confuse the instant case and is thus prohibited by FRE 403.**

Pursuant to FRE 403, otherwise admissible evidence may be excluded if its probative value is substantially outweighed by "confusion of the issues, or misleading the jury, or by considerations of undue delay [or] waste of time. . . ." Fed. R. Ev. 403.

In United States v. Schatzle, 901 F.2d 252 (2d Cir. 1990), the Second Circuit affirmed a trial court decision to exclude evidence concerning a plaintiff's prior arrest. See Schatzle, 901 F.2d at 256. Although the arresting officer claimed such evidence would exonerate him in an excessive force claim, the trial court prohibited the evidence, in part "because it was concerned that a digression into the incident might cause undue delay and confusion." Id. The Second Circuit agreed that "allowing [the officer] to plunge into the facts underlying [the plaintiff's] 1985 arrest posed a genuine risk of focusing the jury upon the wrong event." Id.

Similarly, reference to the Labbadia murder or the Haddam burglary could mislead the jury, shift the focus of the trial to the wrong event, and cause an undue delay. The events at issue here occurred on a single evening over a matter of minutes. In fact, the key issue for a jury to decide is if Ortiz was shot or assaulted after he surrendered – events occurring in a matter of seconds. The burglary and murder occurred 1 and 2 years prior to the night in question, respectively. Further, the incidents deadlocked a jury after a trial lasting over 2 months. Reference to either in this case, which is scheduled to be tried in 3 to 4 days, will complicate matters irreparably by focusing on exceedingly complex and wholly irrelevant issues. Moreover, reference to either would unfairly prejudice Ortiz by focusing the jury on the wrong events.

D. **Reference to the Labbadia murder or the Haddam burglary is irrelevant and therefore prohibited by FRE 402.**

Under FRE 402, "[e]vidence which is not relevant is not admissible." The circumstances involved in the Labbadia murder and the Haddam burglary are not at issue here. On the night in question, the police attempted to arrest Ortiz on a warrant for felony domestic abuse, not murder or burglary. During the criminal trial that resulted from the event that occurred on the night in question, the State filed a motion to combine the Labbadia murder and the Haddam burglary with the case concerning the night in question. Judge Patrick J. Clifford denied the State's motion, referring to the latter as "a totally different case." See Exhibit A. The passage of time has not changed the fact that the Labbadia murder and the Haddam burglary are irrelevant to what transpired when Ortiz was arrested in August 1999. This case concerns what happened in the few moments that encompassed Ortiz's arrest. Allowing testimony or evidence concerning the Labbadia murder or Haddam burglary would needlessly extend this trial and could only distract the jury with irrelevant facts.

## IV. CONCLUSION

As reference to the Labbadia murder and the Haddam burglary is prohibited by FRE 402, 403, 404(b) and 609, Plaintiff respectfully requests that his motion in limine to preclude such reference by testimony, evidence or otherwise be granted.

PLAINTIFF,
AKOV ORTIZ

By: _____
Stephen J. Lable
Fed. Bar No.: ct21111
Christopher R. Perry
Fed. Bar No.: ct24084
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
225 Asylum Street, 13th Floor
Hartford, CT 06103
Telephone: (860) 293-3500
Facsimile: (860) 293-3555

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by first-class mail, postage prepaid, this 17th day of October 2005, to the following:

Andrew M. Dewey, Esq.
Law Offices of Baio & Associates, P.C.
15 Elm Street
Rocky Hill, CT 06067

Trina A. Solecki, Esq.
City Attorney
245 DeKoven Drive
P.O. Box 1300
Middletown, CT 06457

_____
Christopher R. Perry

8