

Akov Ortiz v. J. Edward Brymer, et al   **S MAIL**

Docket No.: 3:02CV01369(HBF)

Defendants' Proposed Jury Instructions
And Proposed Verdict Form

**WORD PERFECT DOCUMENT**

**EXHIBIT 3**

**CAUTION:**
FLOPPY DISK ENCLOSED
DO NOT BEND OR FOLD
AVOID EXPOSURE TO ALL MAGNETIC FIELDS

4



Case 3:02-cv-01369-HBF     Document 59-6     Filed 10/17/2005     Page 3 of 17

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AKOV ORTIZ, | CASE NO. 3:02CV01369(HBF) |
|     Plaintiff, | |
| V. | |
| J. BRYMER, IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE FOR MIDDLETOWN, CT AND IN HIS INDIVIDUAL CAPACITY, and POLICE OFFICER YEPES, IN HIS OFFICIAL CAPACITY AS POLICE OFFICER FOR MIDDLETOWN, CT, | |
| | OCTOBER 14, 2005 |
|     Defendants. | |

## OBJECTION TO PLAINTIFF'S MOTION IN LIMINE

The Defendants J. Edward Brymer and Jorge Yepes hereby object to the Plaintiff's Motion in Limine that seeks to preclude reference to the Plaintiff's murder of Louie Labbadia in 1998 and the felony burglary committed by the Plaintiff in 1997. Both of those felonies, including the details surrounding the commission of those felonies, are relevant to issues raised by both the Plaintiff and the Defendants in this case. There is a direct connection between those crimes and the crimes for which the Plaintiff was arrested during the subject incident on August 11, 1999. Furthermore, there are circumstances surrounding

**EXHIBIT 4**

the commission of those felonies in 1997 and 1998 that were known to Defendant Officer Jorge Yepes on August 11, 1999 that were relevant to his assessment as to whether the Plaintiff would be armed and pose a danger to him and to others present at the scene on August 11, 1999, and as a result such information is relevant to the determination as to whether Officer Yepes' actions were objectively reasonable on August 11, 1999.

The felony convictions are also relevant to the Plaintiff's credibility and any prejudical effect that this evidence might have on the Plaintiff is outweighed by the probative value of the evidence. An analysis of Rules 403, 404 and 609 of the Federal Rules of Evidence demonstrates that such evidence should be admissible.

In further support of this Objection the Defendants have simultaneously filed herewith a Memorandum of Law.

Wherefore, the Defendants hereby respectfully request that this Objection be sustained and the Plaintiff's Motion in Limine be denied.

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

                Defendants,
                J. Edward Brymer and Jorge Yepes

BY: _____
      Andrew M. Dewey
      Baio & Associates, P.C.
      15 Elm Street
      Rocky Hill, CT 06067
      Tel.: (860) 571-8880
      Fax: (860) 571-8853
      adewey@baiolaw.com
      Federal Bar No. ct07152
      Their Attorney

## CERTIFICATION

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 14th day of October, 2005 to the pro se plaintiff as follows:

Stephen J. Lable, Esquire
Christopher R. Perry, Esquire
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
225 Asylum Street, 13th Floor
Hartford, CT 06103

Attorney Trina A. Solecki
City Attorney
245 DeKoven Drive
P.O. Box 1300
Middletown, CT 06457

                                  _____
                                     Andrew M. Dewey

LAW OFFICES OF BAIO & ASSOCIATES, P.C.
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AKOV ORTIZ,                                    :    CASE NO. 3:02CV01369(HBF)
                                               :
       Plaintiff,                             :
                                               :
V.                                             :
                                               :
J. BRYMER, IN HIS OFFICIAL CAPACITY            :
AS CHIEF OF POLICE FOR MIDDLETOWN,             :
CT AND IN HIS INDIVIDUAL CAPACITY, and         :
POLICE OFFICER YEPES, IN HIS OFFICIAL          :
CAPACITY AS POLICE OFFICER FOR                 :
MIDDLETOWN, CT,                                :
                                               :    OCTOBER 14, 2005
       Defendants.                            :

**MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE**

**I.     INTRODUCTION**

In his Amended Complaint dated April 3, 2003 the Plaintiff Akov Ortiz alleges that this Constitutional rights were violated by the Defendant Jorge Yepes during his arrest on August 11, 1999. He claims that Officer Yepes used excessive force in effectuating the arrest. He also alleges that Chief of Police J. Edward Brymer failed to properly train Officer

**EXHIBIT 4**

Yepes and that this failure was a proximate cause of the alleged violation of his civil rights.

The arrest occurred at approximately 1:00 a.m. on August 11, 1999 at the rear of Wesley School in Middletown, Connecticut. For several days prior to August 11, 1999 members of the Middletown Police Department had been attempting to locate the Plaintiff in order to serve a Domestic Violence arrest warrant on him. The specific charges at issue were Unlawful Restraint in the First Degree in violation of C.G.S. §53-95, Threatening in violation of C.G.S. §53a-62, Tampering with a Witness in violation of C.G.S. §53a-151, Criminal Trespass in the First Degree in violation of C.G.S. §53a-107, Reckless Endangerment in the Second Degree in violation of C.G.S. §53a-64, and Carrying a Pistol/ Revolver without a Permit in violation of C.G.S. §29-35. These charges stemmed from a complaint made by the Plaintiff's ex-girlfriend Kristen Quinn that on August 7, 1999 the Plaintiff pointed a gun several times at her head at her residence and threatened to kill her if she testified against him with respect to a homicide investigation that was pending at that time involving the death of Louie Labbadia.

As the Plaintiff points out in his Motion in Limine the Plaintiff burglarized a home in Haddam, Connecticut for purposes of stealing firearms and a hunting knife in 1997. Louis Labbadia provided the Connecticut State Police with a sworn statement on February 9, 1998

implicating the Plaintiff in the burglary. He later disappeared and was unavailable for testimony against the Plaintiff in the related criminal prosecution so the

charges pertaining to the burglary were initially nolled. On March 21, 1999 Mr. Labbadia's body was found. The Plaintiff had murdered Mr. Labbadia in July of 1998 in order to prevent him from testifying against him. The Plaintiff was convicted of that murder on May 24, 2004. He received a 46 year sentence.

      In addition to the murder prosecution the prosecution regarding the 1997 burglary was also reinstituted. On May 24, 2004 the Plaintiff was convicted of the felony of Burglary in the Third Degree in violation of C.G.S. §53a-103, the felony of Larceny in the Third Degree in violation of C.G.S. §53a-124, and the felony of Stealing a Firearm in violation of C.G.S. §53a-212.

      At the time of the subject incident on August 10-11, 1999 Officer Yepes and the other members of the Middletown Police Department that were present at Wesley School suspected the Plaintiff's involvement in the murder of Louis Labbadia and the burglary and larceny of weapons in 1997, and they knew of the Plaintiff's use of a gun during his threatening of Kristen Quinn on August 7, 1999. Indeed, on August 11, 1999 Officer Yepes and the other officers were seeking to serve the Plaintiff with the arrest warrant for the August 7, 1999 incident.

The Plaintiff alleges in part in his Amended Complaint that "Defendant Yepes conspired with fellow officers to violate the Plaintiff's civil right with the fact that Yepes and his coconspirators knew where the Plaintiff was hours before the arrest but rather than Defendant Yepes and his coconspirators approaching Plaintiff Ortiz at the location he was located, Yepes and his coconspirators layed in wait in the dark and with guns drawn to violate Plaintiff Ortiz's civil right to be free from cruel and unusual punishment."

It is expected that Officer Yepes and other members of the Middletown Police Department, including Captain David Gervais and Officer Denise Duffy, and Detective William Warner and Sergeant Stephen Augeri, both of whom were shot by the Plaintiff during the arrest on August 11, 1999, will testify at trial that previous efforts made to apprehend the Plaintiff were unsuccessful and that the plan to apprehend the Plaintiff behind Wesley School on August 11, 1999 developed after Kristen Quinn notified Officer Duffy that she was going to meet the Plaintiff at 1:00 a.m. behind the school. It is also expected that these police department personnel will testify at trial that they believed that the Plaintiff would be armed and dangerous and was suspected at that time of having murdered Louis Labbadia. They were concerned about their safety and did not expect him to surrender without a fight. All of these concerns proved to be true as evidenced by the undisputed fact that the Plaintiff shot two of the police officers.

There is a dispute between the parties as to whether or not Officer Yepes used excessive force on August 11, 1999. Officer Yepes is expected to testify that the Plaintiff struggled with him as he attempted to apprehend him and he was uncertain as to whether the Plaintiff had a weapon available to him as he struggled with Officer Yepes. Officer Yepes denies that he shot the Plaintiff. Indeed, he did not fire his gun that night and Detective Warner will testify that he is the one who shot the Plaintiff in self-defense after the Plaintiff shot him several times. Officer Yepes will testify that he feared for his safety as well as for the safety of his fellow officers given the circumstances and that he used only that force required to apprehend and handcuff the Plaintiff.

As a result of the Plaintiff's actions on August 11, 1999 in shooting Officer Warner and Officer Augeri he was convicted on December 7, 2001 of committing the felony Assault in the First Degree with the intent to cause serious physical injury to Officer William Warner, and did cause such injuries by means of a deadly weapon in violation of C.G.S. §53a-59(a)(1). He was also convicted on December 7, 2001 of the felony of Assault of a Peace Officer by causing physical injury to a peace officer by use of a firearm with the intent to prevent a reasonably identifiable peace officer, namely Officer William Warner, from performing his duties, while such peace officer was acting in the performance of his duties, pursuant to C.G.S. §53a-167c(a)(1). He was also convicted on December 7, 2001 of two counts of felony Assault in the First Degree in connection with his

shooting of Officer William Warner and Officer Stephen Augeri in violation of C.G.S. §53a-59(a)(5).

## II. ARGUMENT

Evidence of the Plaintiff's murder and burglary convictions as well as the knowledge that the Defendant Yepes and other members of the Middletown Police Department who will testify at this trial had on August 10-11, 1999 of the circumstances of those prior crimes are relevant to the Defendants' defense of this case as well as to the credibility of the Plaintiff.

For the purpose of attacking the credibility of a witness, evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted. See Fed. R. Evid. 609(a)(1).

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. See Fed. R. Evid. 403.

In balancing probative value against prejudicial effect courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness. Daniels v. Loizzo, 986 F. Supp. 245, 250 (S.D. N.Y. 1997).

The Plaintiff in essence claims that the Middletown police officers, including Officer Yepes, had other opportunities to arrest the Plaintiff prior to the subject incident and that Defendant Jorge Yepes' only motivation in arresting him at the subject time and location on August 11, 1999 was to provide an opportunity to violate the Plaintiff's civil rights. These allegations are adamantly denied by Defendants Jorge Yepes and Chief Brymer and the Defendants should be entitled to introduce any and all evidence that is relevant to the concerns for their safety and the safety of others that Defendant Yepes and the other police officers had in deciding when, where, and how to execute the outstanding domestic violence warrant on August 11, 1999. The basis for Officer Yepes' knowledge of the Plaintiff's violent tendencies and his belief that he would be armed and dangerous is clearly relevant to the inquiry as to Defendant Yepes' motivations that night as well as to whether any force used by him was objectively reasonable. The determination of whether force was objectively reasonable requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate

threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. Graham v. Connor, 490 U.S. 386, 397 (1989).

Contrary to the Plaintiff's assertion the burglary and murder convictions and the police officers' knowledge of the circumstances of those crimes are inextricably linked to the subject incident. As part of the burglary in 1997 the Plaintiff stole a number of firearms and a knife. The Plaintiff murdered Louis Labbadia because he was the key witness against him in the prosecution of the burglary and larceny charges. The Plaintiff's ex-girlfriend Kristen Quinn complained to the Middletown Police Department that on August 7, 1999 the Plaintiff had threatened her with a gun several times in an effort to convince her not to testify against him at the murder trial. She reported that she feared for her life. She was the one who notified Detective Duffy that she was going to meet the Plaintiff behind Wesley School at 1:00 a.m. on August 11, 1999.

To the extent that Officer Yepes and other officers from the Middletown Police Department relied on this information concerning the Plaintiff's criminal actions prior to August 11, 1999 in terms of the development of the plan to apprehend the Plaintiff and their actions that night, it should be admissible not only because it is relevant to the defense of this case but also because the Plaintiff is the one who has made the purpose and circumstances surrounding the development of the plan to him arrest him on August 11, 1999 a relevant issue by virtue of the allegations in his Amended Complaint.

Furthermore, the evidence of the Plaintiff's burglary and murder convictions for the incidents that occurred in 1997 and 1998 provide further support for the conclusion that the concerns of Defendant Officer Yepes and the other officers regarding the danger the Plaintiff posed on August 11, 1999 were reasonable.

In balancing the probative value of this evidence against the prejudicial effect the results demonstrate that these convictions should be admissible. The convictions involve sentences clearly in excess of one year. They involve crimes that were committed less than three years before the subject incident of August 11, 1999. In addition, the convictions bear on the Plaintiff's credibility since it removes any misperceptions that he is a model citizen. See Daniels v. Loizzo, 986 F. Supp. 245, 250 (S.D.N.Y. 1997).

The idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully. Gora v. Costa, 971 F. 2d 1325, 1330 (7th Cir. 1992). It is important to reiterate that in addition to being relevant to the Plaintiff's credibility these convictions for prior crimes as well as the details of the commission of those crimes known to Officer Yepes and the other officers on August 11, 1999 are relevant to the assessment of as to whether or not they had reasonable concerns for their safety in dealing with the Plaintiff that night and in developing the most effective and safest plan to apprehend him on August 11, 1999.

The Plaintiff's felony convictions for shooting both Detective Warner and Sergeant Augeri on August 11, 1999 will be admissible as to his actions during the subject incident. Where the jury knows that a witness is a convicted felon, admission of prior crimes may cause relatively little additional prejudice. Lewis v. Velez, 149 F.R.D. 474, 482, 39 Fed. R. Evid. Serv. 402 (1993).

Finally, given that the Plaintiff's domestic violence arrest on August 11, 1999 resulted in a conviction and arose out of threats he made to his ex-girlfriend in an effort to intimidate her into not testifying at the murder trial, one has to question whether any prejudice that may result would be unfair.

### III. CONCLUSION

For all of these reasons the Defendants respectfully request that the Plaintiff's Motion in Limine be denied.

10

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580

                                            Defendants,
                                            J. Edward Brymer and Jorge Yepes

                                        BY: /s/ Andrew M. Dewey
                                            Andrew M. Dewey
                                            Baio & Associates, P.C.
                                            15 Elm Street
                                            Rocky Hill, CT 06067
                                            Tel.: (860) 571-8880
                                            Fax: (860) 571-8853
                                            adewey@baiolaw.com
                                            Federal Bar No. ct07152
                                            Their Attorney


## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 14th day of October, 2005 to the pro se plaintiff as follows:

Stephen J. Lable, Esquire
Christopher R. Perry, Esquire
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
225 Asylum Street, 13th Floor
Hartford, CT 06103

Attorney Trina A. Solecki
City Attorney
245 DeKoven Drive
P.O. Box 1300
Middletown, CT 06457

                                            /s/ Andrew M. Dewey
                                            Andrew M. Dewey