```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

|  |  |
|---|---|
| AKOV ORTIZ | : |
| V. | : CIV. NO. 3:02CV1369 (HBF) |
| J. EDWARD BRYMER in his Official Capacity as Chief of Police for Middletown, CT and in his individual capacity and POLICE OFFICER YEPES, in his Official Capacity as Police Officer for Middletown, CT | : |

<u>RULING ON PLAINTIFF'S MOTION FOR FEE WAIVER</u>

By motion dated October 17, 2005, plaintiff, through his court appointed counsel, requests the Court to order that abbreviated trial transcripts of plaintiff's state court criminal trial be prepared and provided to him at no cost. Plaintiff requests these transcripts for purposes of his civil rights trial scheduled to begin on November 14, 2005. Counsel for defendants has no objection to this motion.

<u>BACKGROUND</u>

Akov Ortiz brought this civil rights action, alleging among other things that Middletown Police used excessive force to effectuate his arrest. Plaintiff filed his lawsuit *pro se* in 2002, and is now represented in a *pro bono* capacity. The parties consented to proceed before a magistrate judge, and the trial is scheduled for November 14, 2005. In preparing for trial, plaintiff's counsel has stated that many of the witnesses who

testified at the criminal trial will be testifying at this civil trial, and transcripts of that testimony are necessary to adequately represent their client.  Additionally, plaintiff's counsel states that a request for transcripts was made during discovery, but defendants' counsel is not in possession of all the transcripts.

DISCUSSION

A litigant proceeding in forma pauperis is not entitled to a transcript as a matter of right.  Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).  "The statutory right to proceed in forma pauperis does not include the right to obtain copies of court orders, indictments, and transcripts of record, without payment therefor, for use in proposed or prospective litigation."  Harless v. United States, 329 F.2d 397, 398-99 (5th Cir. 1964).  Pursuant to 28 U.S.C. §753(f), such a litigant is entitled to a free transcript only where the request "is not frivolous (but represents a substantial question)".  See Philippeaux v. North Central Bronx Hospital, No. 94 CIV. 3409, 1996 WL 167732 (S.D.N.Y. 1996); Jones v. Banks, NO. 92 C 8335, 1995 WL 654008 (W.D. Ill. Nov. 3, 1995), aff'd, 103 F.3d 133 (7th Cir. 1996); Kot v. Hackett, Civ. A. No. 92-5120, 1993 WL 432431 (E.D. Pa. Oct. 20, 1993).

The Court finds that plaintiff's request for transcripts is valid and reasonable.  In order to properly prepare for trial, plaintiff should have access to all prior sworn statements of all

potential witnesses.  Additionally, plaintiff is not requesting transcripts of the entire criminal trial.  Plaintiff indicates that he will narrow his request for transcripts to only those portions which are necessary to prepare for trial.

CONCLUSION

Accordingly, plaintiff's motion for fee waiver, for payment of abbreviated trial transcripts, is **GRANTED**.  [Doc. #58]. Plaintiff shall limit his request for transcripts to those portions of the record absolutely necessary to prepare for trial. Plaintiff's counsel shall submit the claim for payment to the *pro bono* fund.

ENTERED at Bridgeport this 19th day of October 2005.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE