UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AKOV ORTIZ, | : | CASE NO. 3:02CV01369(HBF) |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| J. BRYMER, IN HIS OFFICIAL CAPACITY | : | |
| AS CHIEF OF POLICE FOR MIDDLETOWN, CT | : | |
| AND IN HIS INDIVIDUAL CAPACITY, and | : | |
| POLICE OFFICER YEPES, IN HIS OFFICIAL | : | |
| CAPACITY AS POLICE OFFICER FOR | : | OCTOBER 14, 2005 |
| MIDDLETOWN, CT, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS
## AND PROPOSED VERDICT FORM

(Unless otherwise noted these proposed jury instructions were adopted from U.S.

Magistrate Judge Holly B. Fitzsimmons' Standard Jury Charge)

CHARGE TO THE JURY

Members of the jury, you have listened to and seen the evidence in this case, and you

have heard the closing arguments. You are now to receive from me the rules of law that lie at

the foundation of the various matters here in issue: the rules which, when applied by you, will

lead to your ultimate decisions.

It is your duty as citizens and as jurors to deliberate on this case, and to arrive at fair and

just decisions based upon the evidence and the law. Sympathy as well as bias have no place in

the case and you should conscientiously and definitely avoid any consideration of sympathy or

**EXHIBIT 3**

1

bias as a basis for your decisions.  And that applies equally to the plaintiff and to the defendant.

I will first, if I may, direct your attention to certain general principles that will guide your consideration of the matters in this case before discussing the specifics of this case and the law applicable to them.

FUNCTION OF THE COURT AND JURY

First, let me remind you again that you are the sole judges of the facts.  It is your duty to find the facts.  You are to recollect and weigh the evidence and draw your own conclusions as to what the ultimate facts are.

It is my function and indeed my duty to instruct you on the law applicable to this case.  You must apply the law, as I give it to you, to the facts <u>you</u> find proved.  You are to accept the law only from the court, that is from me, considering my charge as a whole, without regard to any testimony or argument about the law you have heard and without regard, also, to any convictions you yourselves may have as to what the law is or what you think the law ought to be.  You will then render your verdicts by unanimous votes.

EVIDENCE

At the outset, I should inform you that I am not going to review or "Marshall" the evidence for you. You paid a lot of attention during the case, and the attorneys have just reviewed their factual contentions in their summations. If any comments that I do make about the evidence differ from your own recollection, it is always your recollection that controls, not mine.

You must only consider the evidence properly admitted in the case. The evidence consists of the sworn testimony of the witnesses, all exhibits, and any facts stipulated or admitted to by the parties. Where an item of evidence was admitted for a limited purpose, you must confine your consideration of that evidence to the stated purpose.

Statements, arguments, and characterizations of counsel, however, including those made in the form of a question to a witness, are not evidence in the case and should not be considered by you in your deliberations on the case. Again, it is your recollection of the evidence that governs.

You must entirely disregard any evidence as to which an objection has been sustained by the court. It is the duty of each party to object when the other side offers testimony or other evidence that the party believes is not properly admissible. You should not show prejudice against a party who has made objections. And you must not allow my discussions with the lawyers or my rulings on those technical matters to influence you in any way, for or against either side.

Upon allowing testimony or other evidence to be introduced over the objections of one of the parties, the court has not indicated, nor have I meant to indicate, any opinion as to the weight or effect of such testimony or evidence. You, the jurors, are the sole judges of the credibility of

all witnesses and the weight and effect of all evidence -- each and every item of it as well as its totality. I have no opinion about the merit of any testimony.  If I did, I would be encroaching on your job, and that I will not do.

Anything you have seen or heard outside the courtroom is not evidence in the case, and must be entirely disregarded.  But in your consideration of the evidence, you are not limited to the bald statements of witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from facts that you find proved, such reasonable inferences as you feel are justified in the light of experience.  An <u>inference</u> is a deduction or conclusion that <u>reason and common sense</u> lead you to draw from facts that you find have been proved.

DIRECT AND CIRCUMSTANTIAL EVIDENCE

As a general rule, there are two types of evidence from which you may find the truth as to the facts of this or any other case: direct and circumstantial evidence. Simply put, direct evidence is the testimony of one who asserts actual knowledge of a fact, for example, an eyewitness. Circumstantial evidence, generally put, is proof of a chain of facts and circumstances that may indicate the existence or non-existence of a fact.

Now, to illustrate the difference between direct and circumstantial evidence, let us assume that the fact in issue in a case is whether it was raining on a particular afternoon. If a witness testified that he or she personally saw it raining that day, then we would say that we had direct evidence of that fact. On the other hand, if a witness testifies that he or she was in a windowless room on that afternoon, but that when the witness came inside, the sky was overcast, and that while the witness was in the room, one person entered with a dripping wet umbrella while another walked in wearing a wet raincoat, we would say that we have circumstantial evidence of the fact that it was raining.

That is a very simple illustration.

Importantly, as a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that, before finding a charge proven, or a fact established, the jury be satisfied of the proof of that charge or fact by the appropriate standard -- a matter I will discuss with you shortly.

WEIGHT OF THE TESTIMONY

In fulfilling your duty as finders of fact, you as jurors are the sole judges of the credibility of the witnesses and the weight, if any, that their testimony deserves. This is also true as to the veracity and weight of the other evidence, including exhibits. There is no magical formula by which one may evaluate testimony. You bring with you to this courtroom all the experience and background of your daily lives. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you or documents given to you by others. The same tests that you use in your everyday dealings are the tests that you should apply in your deliberations here. You may consider the demeanor of the witness on the stand and any interest he or she may have in the outcome of the case. You may also consider any bias or prejudice for or against any party; the witness' opportunity to observe; any reason for the witness to remember or forget; the inherent probability of his or her story; its consistency or lack of consistency; and its corroboration or lack of corroboration by other credible evidence.

You may decide not to accept a witness' testimony even if it stands uncontradicted and unimpeached. On the other hand, you may find a particular fact established even though it is supported only by the testimony of one witness. In sum, jurors, you alone determine what weight, if any, to give to the evidence presented.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether a witness is worthy of belief. Consider each witness' intelligence, motive, state of mind and demeanor while on the stand. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to

7

which, if at all, each witness is either supported or contradicted by other credible evidence in the case.

You may also bear in mind that, if you should find that any witness has <u>deliberately</u> testified falsely on any <u>material</u> point, you may take that into consideration in determining whether that witness has testified falsely on other points. Simply because you find that a witness has not testified accurately with respect to one fact, it does not necessarily follow that the witness is wrong on every other point. A witness may honestly be mistaken on one point of testimony yet entirely accurate on others. But if you find that a witness has <u>deliberately</u> lied on any <u>material</u> point, it is only natural that you should be suspicious of the testimony of that witness on all points. Under those circumstances, you are entitled, if you deem it appropriate, to disbelieve the entire testimony of that witness. Whether you disbelieve it or not lies in your sound judgment and sole prerogative.

TESTIMONY OF POLICE OFFICERS

      The testimony of police officers is entitled to no special sanctity or credibility simply because the witness is a law enforcement officer.  A police officer who takes the witness stand subjects his testimony to the same examination and the same tests as any other witness.  The testimony of people employed by the government, including police officers, is entitled to no more or less credibility than the testimony of any other witness.  As with any other witness, it is exclusively the province of the jury to give the testimony of a police officer the credibility or weight you think it deserves.

IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT

As a general matter, the testimony of a witness may be discredited or impeached by showing that he or she has previously made statements that are inconsistent with his or her present testimony.  Generally, the inconsistent statements are admitted into evidence solely for the purpose of shedding light on the witness' credibility.  Therefore, should you find that a witness' prior statements are inconsistent with his or her testimony, you may consider such prior statements but only in connection with your evaluation of the credence to be given to the witness' present testimony in court.  That is, you may consider such prior inconsistent statements only for the purpose of judging the witness' present testimony in court, and you are not to consider such prior statements for their truth or falsity or for how they bear on the merits of the case.  This is the general rule.

There is an exception to this general rule.  If you find that a prior inconsistent statement of a witness was given under oath, subject to the penalty of perjury, such as in a deposition, that prior statement may be considered by you, both for its own truth or falsity, as well as in your evaluation of the witness' credibility.

Let me give you an example.  Suppose the fact at issue in a case is the color of a car.  A witness testifies that the car in question was blue.  He/she is impeached with an earlier statement in which he or she describes the car as green.  The jury can use the earlier statement in evaluating whether to believe the testimony at trial that the car was blue.  But the previous statement cannot be used to prove that the car was green.  And if there is nothing otherwise in evidence to prove that the car was green (another witness, for example), there is no evidence on which to base a conclusion that the car was actually green (as opposed to not blue).  The exception comes in if the witness's previous statement that the car was green was made under oath.  If so, the jury can

use the previous statement for two purposes: (1) to judge whether the trial testimony that the car was blue is accurate, and (2) to prove that the car was green.

BIAS

In deciding whether to believe any witness, you should specifically note any evidence of hostility or affection which the witness may have towards either one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether a witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

INTEREST IN OUTCOME

In evaluating the credibility of a witness, you should take into account the possibility that that witness may benefit in some way from the outcome of the case. Such interest in the outcome may create a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering has or may have an interest in the outcome of this trial, then you should bear that in mind when evaluating the credibility of his or her testimony, and accept the testimony with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

ADMISSIONS BY PARTIES

Out-of-court statements made by parties, which are not consistent with their claims at trial, may be used against them as an admission of the facts previously stated. It is for you to determine what weight is to be given to any alleged admission if you find that one has been made. In that connection, you should consider the circumstances under which any such statements were given as bearing upon the weight you decide to accord to them.

COURT'S QUESTIONS TO WITNESSES

During the course of the trial, I have occasionally asked questions of a witness to try to clarify facts not then fully covered by the testimony. Please do not assume that I hold any opinion on the matters to which my questions may have related or that the areas are of any particular importance to you.  Remember that you, as jurors, decide what significance to attribute to each item of evidence. Questions or comments that I make are not evidence, just as the questions or comments of Mr. Merly and Mr. Sarnoski are not evidence.

BURDEN OF PROOF -- CIVIL

In this civil action, the plaintiff bears the burden of proving each essential element of his claim by a "preponderance of the evidence."

I wish to point out that the burden of proof in civil cases such as this one differs from the burden of proof in criminal cases. In a criminal case, the burden of proof is proof "beyond a reasonable doubt"; in a civil case, the burden of proof is generally proof "by a preponderance of the evidence." To prove by a preponderance of the evidence means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence, as when considered and compared with that opposing it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true. This is not necessarily determined by the greater number of witnesses supporting a party, but it means that the evidence on behalf of the party on whom the burden rests must have greater weight in your judgment, that is, greater probative value.

It might be helpful to visualize a pair of scales in equal balance. Imagine that you can put the credible evidence favoring plaintiff on one side of the scale and the credible evidence favoring the defendant on the other. If the scales tip ever so slightly in favor of the plaintiff, the plaintiff's evidence preponderates, and he has sustained his burden of proof. If the scales tip the other way, ever so slightly in favor of the defendant, then obviously the plaintiff has not sustained his burden of proof. Should you feel that the scales are evenly balanced, that neither side's evidence outweighs the other, then the plaintiff has failed to meet the burden of proving his case by a preponderance of the evidence.

## THE STATUTE

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law.  Section 1983 of title 42 of the United States code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the united states or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

## PURPOSE OF STATUTE

Section 1983 creates a remedy in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States constitution and federal statutes. Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

<u>ELEMENTS OF A SECTION 1983 CLAIM</u>

To establish a claim under section 1983 a plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, the defendant was acting under color of state law;

Second, that the defendant's conduct deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States; and

Third, that the unlawful acts of the defendant were a proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

## FIRST ELEMENT - UNDER COLOR OF STATE LAW

The first element is that defendants acted under color of state law.  In this case, although Detective Yepes and Chief Brymer deny the  plaintiff's allegations that they violated plaintiff's constitutional rights, it is agreed that whatever the defendants did was in fact done under color of state law, because that just means in their respective capacities as a police officer and as the chief of police.

So you may take the first element as proved.

SECOND ELEMENT - DEPRIVATION OF RIGHT

EXCESSIVE FORCE

The second element which <u>plaintiff</u> must prove to prevail on his §1983 claim against defendant Yepes is that he intentionally or recklessly deprived him of a federal right by using excessive force.

<u>Plaintiff</u>, like any citizen, had the right not to be subjected to excessive or unreasonable force during an otherwise lawful arrest or while he was in the custody of a police officer. This right is guaranteed to all of us by the constitution and laws of the United States.

You should first understand that a police officer may use force, or some degree of physical coercion or the threat of it, upon another person if such force is necessary to effect a lawful arrest, or to defend the officer, a fellow officer, or a third person from the use of imminent physical force. However, a police officer may not use force beyond that necessary to accomplish his lawful purpose.

You are instructed that the validity of <u>plaintiff's</u> arrest is not at issue in this case.

In this case, jurors, you must determine whether force was in fact used against the plaintiff, and whether such force was unreasonable or excessive, given all the circumstances. You therefore first must determine if the defendant used force against the plaintiff. If you find force was used, in considering whether or not such force was unreasonable and excessive, you must view the force used from the <u>perspective of a reasonable police officer</u> on the scene at the time of the incident, rather than with the 20/20 vision of hindsight. The reasonableness of the defendant's actions and conduct is to be determined based only upon that information the law enforcement officer possessed at the time he acted. Because the test of reasonableness is not capable of precise definition or mechanical application, you must pay careful attention to all the

21

facts and circumstances of this particular case, including the need for the application of force, the relationship between that need and the amount of force actually used, and the extent of any injury inflicted.

Keep in mind that not every push, pull, shove or punch violates a person's constitutional rights and that mere verbal abuse does not rise to the level of a constitutional violation.  You do not have to determine whether Officer Yepes_____ had less intrusive alternatives available or whether he used the most reasonable alternative.  The determination of reasonableness must make allowances for the fact that officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain and rapidly evolving -- about the amount of force that is necessary in a particular situation.

The constitutional violation which <u>plaintiff</u> has alleged against Officer Yepes is that he subjected him to excessive force by shooting and beating him.  Officer Yepes denies these allegations.

I also charge you that you may only consider Officer Yepes' actions in determining whether he is liable to plaintiff.  Officer Yepes is the only defendant here against whom an excessive force claim was brought, and he may not be held responsible for the conduct of anyone else.

<u>NO SPECIFIC INTENT REQUIRED</u>

It is not necessary to find that <u>defendant</u> had any specific intent to deprive <u>plaintiff</u> of his constitutional rights. <u>Plaintiff</u> is entitled to relief if the defendant intended actions which resulted in a violation of <u>plaintiff's</u> rights. That is to say, it would be enough to find that <u>defendant</u> intended to perform acts that violated <u>plaintiff's</u> rights. It is generally not necessary to find that <u>defendant</u> knew that his acts violated <u>plaintiff's</u> constitutional rights.

I caution you, however, that a constitutional violation does not occur where a defendant's actions were due to negligence, carelessness, inadvertence, or accident.

Defendant may be found to have violated <u>plaintiff's</u> constitutional rights only where his acts were done intentionally or with reckless disregard for the rights of the plaintiff.

STATE OF MIND - INTENTIONAL OR RECKLESS

An act is intentional if it is done knowingly, or that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.  An act is reckless if done in conscious disregard of its own probable consequences.  Recklessly means wantonly, with indifference to consequences.

In determining whether the defendant acted with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you the jury have to depend on what was done, what the people involved said was in their minds and your belief or disbelief with respect to those facts.

THIRD ELEMENT IN A § 1983 ACTION:  CAUSATION

PROXIMATE CAUSE - GENERALLY

The third element which <u>plaintiff</u> must prove to prevail on a §1983 claim is that defendant's acts were a proximate cause of the constitutional injuries allegedly sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between the defendant's act or omission and any injury or damage allegedly sustained by the plaintiff.

When I say "injury," I mean any injury - physical, mental, financial, or otherwise (including a constitutional violation in and of itself) - which you find that <u>plaintiff</u> suffered**. In** this case, <u>plaintiff</u> is claiming physical and emotional injuries.

An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the injury; that is, if the violation or damage was a reasonably foreseeable consequence of the defendant's act or omission, it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the constitutional violation that reasonable persons would regard defendant's acts as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the unlawful conduct of the defendant.  If you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the defendant's unlawful conduct, you must find that the defendant did not proximately cause the plaintiff's injury. For example, the arrest of <u>plaintiff</u> was lawful.  You cannot award damages for emotional distress arising from the fact that he was arrested and prosecuted.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

Defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury, or the plaintiff's own actions, or inaction, which intervenes between the defendant's act or omission and the plaintiff's injury or supersedes the defendant's act and which produces a result which was not reasonably foreseeable by the defendant when he acted.

SUPERVISORY LIABILITY

I have already instructed you about the law governing the Plaintiff's Section 1983 claim against Defendant Jorge Yepes. If you find that the Plaintiff demonstrated that Defendant Jorge Yepes violated the Plaintiff's constitutionally protected rights, you must then determine whether the Plaintiff also demonstrated a basis for recovery against the Chief of Police J. Edward Brymer.

The legal rules for determining whether a supervisory official may be held liable under Section 1983 for the deprivation of a person's federally protected rights are different from the rules pertaining to the rules governing the liability of a subordinate employee whose conduct directly causes the violation of the plaintiff's federal rights.

A supervisory official may not – I stress may not – be held liable under section 1983 based solely upon the fact that the supervisor had the obligation and authority to supervise the subordinate employee. Therefore, the mere existence of the supervisory relationship is not, by itself, a sufficient basis for imposing liability upon the supervisory official.

Liability under Section 1983 requires that the Defendant have some personal involvement in the alleged constitutional deprivation.  In this case there is no evidence that Chief Brymer participated directly in the alleged violation of the Plaintiff's federal rights.

The Plaintiff has alleged that Chief Brymer failed to properly train and supervise Detective Yepes in proper arrest procedure and that this failure was a direct and proximate cause of the violation of the Plaintiff's civil rights. There are limited circumstances in which an allegation of a failure to train can be the basis for liability under Section 1983. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on a municipal policymaker such as a chief of police, for the officer's shortcomings may have resulted from

factors other than a faulty training program. As a general rule, a municipal policy maker need not train its police officers not to act in a manner which is obviously wrong, in order to avoid liability under Section 1983 for the officer's wrongful conduct violating a citizen's constitutional right. In order to establish inadequate training, the Plaintiff must put forward some evidence that the Chief of Police acted or consciously not acted. There are three requirements that must be met before a municipal policymaker's failure to train constitutes deliberate indifference to the constitutional rights of its citizens. First, the Plaintiff must show that a chief of police knows to a moral certainty that his employees will confront a given situation. A policymaker does not exhibit deliberate indifference by failing to train employees for rare or unforeseen events. Second, the Plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation. Finally, the Plaintiff must show that the wrong choice by the City employee will frequently cause the deprivation of a citizen's constitutional rights. The Plaintiff must prove that it is likely that the failure to train or supervise will result in an officer making a wrong decision.

  The inadequacy of police training may serve as the basis for 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons to whom the police come into contact.  By deliberative difference I mean that the supervisor knew, or had reason to know, that constitutional violations were likely to occur, but failed to take reasonable steps to prevent their occurrence. In this case you have been presented with evidence concerning the police training that Detective Yepes received.

  The Plaintiff has the burden of establishing by a preponderance of the evidence that Chief Brymer acted in violation of the standards that I have set forth for you. It is for you, the

jury, to determine whether Chief Brymer acted in violation of any of these standards. If you find that he did not act in violation of all of these standards you must return a verdict in favor of the Defendant J. Edward Brymer. If you find that he did act in violation of all of these standards and that inadequate training was the proximate cause of a violation of the plaintiff's constitutional rights, you must return a verdict in favor of the Plaintiff against Chief J. Edward Brymer.[1]

---

[1] Colon v. Coughlin, 58 F. 3d 865 (2d Cir. 1995); Wright v. Smith, 21 F. 3d 496 (2d Cir. 1994); Canton v. Harris, 489 U.S. 378 (1989). Walker v. City of New York, 974 F. 2d 293, 296-299 (2d Cir. 1992); Clarke v. Sweeney, 312 F. Supp. 2d 277, 296-297 (D. Conn. 2004). Schwartz & Pratt, Section 1983 Litigation Jury Instructions, (Vol. 4, 2001 Supplement) §16.01.

QUALIFIED IMMUNITY

      The defendants in this case have raised the defense of qualified immunity and are shielded from liability if:

    1.     Their conduct did not violate clearly established constitutional rights or

    2.     It was objectively reasonable for them to believe that their acts did not violate these rights. The defense of qualified immunity is applicable to situations such as this where there are allegations of excessive force.

      Moreover, to defeat a claim of qualified immunity asserted by a supervisory defendant such as the Chief of Police, a plaintiff must not only demonstrate that the law controlling the alleged deprivation caused by the subordinate was clearly established, but that the theory of supervisory liability was clearly established as well.[2]

      Qualified immunity focuses upon the objective reasonableness of the defendants' actions at the time they acted. Qualified immunity operates to protect police officers from the sometimes hazy border between the acceptable and unacceptable. This protection is essential to ensure that police officers will not shy from their socially critical duties for unnecessary fear of personal liability if, in hindsight, their reasonable judgment is mistaken. Its purpose is to ensure that officers are not held liable unless their conduct is clearly unlawful, in light of established prohibitions in the law.

      The qualified immunity doctrine therefore contemplates a margin of error. If a defendant's judgment is within a range of reasonable police responses to the circumstances confronting him at that moment, then the defendant will not be liable to the plaintiff. The

---

[2] Oliviera v. Mayer, 23 F. 3rd 642, 648-650 (2d Cir. 1984), cert denied, 513 U.S. 1076 (1995). Clarke v. Sweeney, 312 F. Supp. 2d 277, 199 (D. Conn. 2004).

qualified immunity doctrine protects all but the plainly incompetent and those who knowingly violate the law.

In order to impose liability for the plaintiff's claims, you must find that the conduct of the defendant was clearly unlawful, and that there existed no substantial grounds for the defendant to conclude that there was legitimate justification for acting as he did. Even if you find that reasonable officers could disagree about whether the defendant's actions were or were not within bounds of appropriate police responses, then the defendant is entitled to qualified immunity and your verdict must be for the defendant.[3]

---

[3] <u>Saucier v. Katz</u>, 533 U.S. 194 (2001); <u>Anderson v. Creighton</u>, 483 U.S. 635 (1987); <u>Malley v. Briggs</u>, 475 U.S. 335 (1986); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982); <u>Warren v. Dwyer</u>, 906 F. 2d 80 (2d Cir. 1990); <u>Magnotti v. Kuntz</u>, 918 F. 2d 364 (2d Cir. 1990); <u>Robinson v. Via</u>, 821 F. 2d 913 (2d Cir. 1987).

DAMAGES

<u>INTRODUCTION</u>

If you determine that defendants are liable to <u>plaintiff</u> on his excessive force and failure to train claims, then -- and only then -- should you consider damages.

The object of a damage award is to place the injured party, as near as may be possible, in the situation he would have occupied if the wrong had not been committed. As with the other elements of this cause of action, the burden is on the plaintiff to prove the nature and extent of his damages by a preponderance of the evidence. Damages are not a subject for speculation. Within the guidelines of these instructions, the amount to be awarded rests largely in your sound discretion.

However, I caution you that if you find a constitutional violation to have occurred, you will be assessing damages only for that constitutional violation.

COMPENSATORY DAMAGES

I have said that, if you find for plaintiff, you must award him such sum of money as you believe will fairly and justly compensate him for any injury you find by a preponderance of the evidence that he actually sustained as a direct result of the unconstitutional conduct you have found occurred.

The plaintiff is claiming damages for physical and emotional injury. You may consider any emotional harm to plaintiff, including any emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety, or anguish which plaintiff has suffered as a result of the unconstitutional conduct you find occurred. This also includes any future emotional harm that you find that plaintiff will suffer.  Keep in mind that you must distinguish between emotional distress arising from the constitutional violation you have identified and any emotional distress plaintiff may have experienced as consequence of the lawful arrest.  It is up to you to determine whether plaintiff suffered any emotional distress, and if so, the source of that distress.  You may not award damages as the consequence of any other emotional distress suffered by plaintiff except that caused by the defendant's violation of his constitutional rights.

You should base your determination on the evidence in the case and any reasonable inferences you choose to draw from the evidence.

CAUSATION AND DAMAGES

I have said that you may award damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of the defendant's conduct in violating plaintiff's constitutional rights. You must distinguish between, on the one hand, the existence of a violation of plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that defendant deprived plaintiff of his rights in violation of section 1983, you must ask whether plaintiff has proven by a preponderance of the evidence that the deprivation caused the damages that he claims to have suffered.

NOMINAL DAMAGES

If defendant is liable to plaintiff on his constitutional claim, but you find that plaintiff has failed to prove by a preponderance of the evidence that the violation caused any actual damages, then you will return an award of nominal damages not to exceed the sum of one dollar.

Nominal damages are awarded when a plaintiff has been deprived by a defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is considered an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendant's unconstitutional conduct other than the fact of a constitutional deprivation, you will award nominal damages not to exceed one dollar.

PUNITIVE DAMAGES

If you award plaintiff either actual or nominal damages on his constitutional claim, then you may also award him a separate and additional award of exemplary or punitive damages, provided the legal requirements for punitive damages are met.  If you find that defendant acted with malicious intent to violate plaintiff's constitutional rights or unlawfully injure him, or if you find that the defendant acted with a callous or reckless disregard of plaintiff's rights, then you may award punitive damages.  An award of punitive damages, however, is discretionary; that is, if you find that legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.  It's up to you.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter the defendant and others like him from similar conduct in the future.  Thus, in deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.  You should also consider whether actual damages standing alone are likely to deter or prevent a defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence.  Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages.  That is, in fixing the sum to be awarded, you should consider the degree to which the defendant should be

punished for his wrongful conduct, and the degree to which an award of one sum or another will deter the defendant or persons like the defendant from committing wrongful acts in the future.

Such punitive damages may be awarded even in the absence of actual damages; their amount need not be based on the amount of any compensatory damages.

In this case, if you find defendant liable to <u>plaintiff</u> for a violation of his constitutional rights, you must consider the question of whether to award punitive damages.

USE OF VERDICT FORM

To assist you in keeping the different aspects of the case clear, I am going to ask you, as you consider your decisions, to answer a series of very specific questions that will be typed on a form that will be given to you in the jury room.

Each question can be answered simply, and each answer must be unanimous.  By dealing with these separate questions, you will be able to apply the rules of law relevant to this case.  Of course, you should not conclude from the number or the wording of any question that there is a particular answer you ought to give.  Nor should you conclude that you ought to answer all the questions one way or the other way.  Give separate consideration to each question and answer it according to the facts you have found and the rules of law that apply to that question.

CONCLUSION

While it is the duty of the jurors to confer and deliberate with one another, before arriving at a verdict, nevertheless, if any juror after such deliberation conscientiously reaches a decision on the facts, that juror has no right to surrender his or her decision to the decision of the majority, if the juror believes that his or her decision is correct.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to your own individual judgment. Each of you must decide the case for yourself. You should not surrender your honest conviction as to the weight and effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

[pause]

You are not partisans. You are the judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

You will have with you in the jury room all of the exhibits, a copy of these instructions, and the verdict form. You may notice that the written copy of the instructions is indexed and divided by headings which I did not read to you. These headings have no significance except to identify the topics so that we can find them. They have no significance apart from the language of the instructions themselves.

When you retire to your jury room, you will elect one of your own members as foreperson, and he or she will preside over your deliberations and will be your spokesperson here in court.

If you have any questions you wish to ask during deliberations, do so by a written note, signed by your foreperson and delivered to the court officer outside the jury room door.

Now proceed to your deliberation in the jury room. Determine the facts on the basis of the evidence, as you have heard it, and apply the law as I have outlined it to you. Render your verdict fairly, uprightly, and without a scintilla of prejudice. When you have reached your verdict, inform the clerk through the court officer. Then you will return to the courtroom and announce your verdict.

<u>**DEFENDANTS' PROPOSED VERDICT FORM**</u>

**A.    <u>42 U.S.C. §1983: EXCESSIVE FORCE</u>**

PART I:    Liability

1A.    Has the plaintiff proven by a preponderance of the evidence that the defendant Jorge Yepes deprived the plaintiff of his constitutional rights by using excessive force against the plaintiff on August 11, 1999?

_____ Yes    _____ No

If you answered "Yes" to Question 1A proceed to Question 1B.

If you answered "No" to Question 1A, proceed to Part III.

1B.    Has the defendant proven by a preponderance of the evidence that he is entitled to a defense of qualified immunity?

_____ Yes    _____ No

If you answered "Yes" to Question 1B, proceed to Part III.  If you answered "No" to 1B proceed to Part II.

PART II:    Damages

2A.    Has the plaintiff proven by a preponderance of the evidence that defendant's use of excessive force proximately caused him to suffer actual damages?

_____ Yes    _____ No

If "Yes" in what amount?

$ _____

If "No" what amount of nominal damages ($1 or less) do you award?

2B.    Has the plaintiff proven by a preponderance of the evidence that the defendant acted maliciously or with reckless disregard for the plaintiff's constitutional rights?

_____ Yes    _____ No

If you answered "Yes" to Question 2B, answer Question 2C.  If you answered "No" to Question 2B, do not answer Question 2C.

2C.     State in dollars the amount of punitive damages, if any, the plaintiff is entitled to recover against the defendant?

$ _____

PART III:

If in Part I of the Verdict Form, dealing with Liability, you answered "No" to Question 1A, complete the defendant's verdict form below.  If in Part I you answered "Yes" to Question 1A and "Yes" to Question 1B, complete the defendant's verdict form below.

In this case, the Jury finds the issues for the defendant Jorge Yepes.

_____
Foreperson

**B.    42 U.S.C. §1983: FAILURE TO TRAIN**

PART I:    Liability

1A.    Has the plaintiff proven by a preponderance of the evidence that the defendant Chief J. Edward Brymer deprived the plaintiff of his constitutional rights by failing to train Jorge Yepes on August 11, 1999?

_____ Yes    _____ No

If you answered "Yes" to Question 1A proceed to Question 1B.

If you answered "No" to Question 1A, proceed to Part III.

1B.    Has the defendant proven by a preponderance of the evidence that he is entitled to a defense of qualified immunity?

_____ Yes    _____ No

If you answered "Yes" to Question 1B, proceed to Part III.  If you answered "No" to 1B proceed to Part II.

PART II:    Damages

2A.    Has the plaintiff proven by a preponderance of the evidence that defendant Chief J. Edward Brymer's failure to train Jorge Yepes proximately caused the plaintiff to suffer actual damages?

_____ Yes    _____ No

If "Yes" in what amount?

$ _____

If "No" what amount of nominal damages ($1 or less) do you award?

2B.    Has the plaintiff proven by a preponderance of the evidence that the defendant J. Edward Brymer acted maliciously or with reckless disregard for the plaintiff's constitutional rights?

_____ Yes    _____ No

If you answered "Yes" to Question 2B, answer Question 2C.  If you answered "No" to Question 2B, do not answer Question 2C.

2C.    State in dollars the amount of punitive damages, if any, the plaintiff is entitled to recover against the defendant?

$ _____

PART III:

If in Part I of the Verdict Form, dealing with Liability, you answered "No" to Question 1A, complete the defendant's verdict form below.  If in Part I you answered "Yes" to Question 1A and "Yes" to Question 1B, complete the defendant's verdict form below.

In this case, the Jury finds the issues for the defendant J. Edward Brymer.

_____
Foreperson

Defendants,
J. Edward Brymer and Jorge Yepes

BY:_____
Andrew M. Dewey
Baio & Associates, P.C.
15 Elm Street
Rocky Hill, CT 06067
Tel.:  (860) 571-8880
Fax: (860) 571-8853
adewey@baiolaw.com
Federal Bar No. ct07152
Their Attorney

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 19th day of October, 2005 to the pro se plaintiff as follows:

Stephen J. Lable, Esquire
Christopher R. Perry, Esquire
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
225 Asylum Street, 13th Floor
Hartford, CT 06103

Attorney Trina A. Solecki
City Attorney
245 DeKoven Drive
P.O. Box 1300
Middletown, CT 06457

_____
Andrew M. Dewey