UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AKOV ORTIZ | : |
| | : |
| V. | : CIV. NO. 3:02CV1369 |
| | : |
| J. EDWARD BRYMER in his | : |
| Official Capacity as Chief of | : |
| Police for Middletown, CT and | : |
| in his individual capacity | : |
| and POLICE OFFICER YEPES, in | : |
| his Official Capacity as | : |
| Police Officer for | : |
| Middletown, CT | : |

**Ruling on Plaintiff's Motion in Limine**

This ruling addresses plaintiff's motion in limine, which seeks to preclude the plaintiff's 2004 convictions for the 1998 murder of Louis Labbadia and 1997 burglary of 26 Plains Road, Haddam.  Plaintiff also seeks to preclude testimony from any defense witness regarding their knowledge on the morning of August 11, 1999, as to plaintiff's status as the prime suspect in the burglary and murder investigations.  Oral argument was heard on the motion on November 9, 2005.  For the reasons that follow, plaintiff's motion is denied.

**I.   Police Officers Knowledge on August 11, 1999**

Plaintiff argues that testimony by any defense witness as to plaintiff's status on August 11, 1999, as a prime suspect in the burglary and murder investigations, would be improper propensity evidence.  The defendants claim that the evidence is not being offered to prove the plaintiff's bad character, but is being

offered to prove the defendants' state of mind on the morning of August 11, 1999.

The Court finds that the police officers' knowledge regarding plaintiff's status as a prime suspect in a prior burglary and murder is relevant to the officers' state of mind. Plaintiff has called into doubt and placed in issue the plan formulated and utilized by the police officers on the morning in question. Specifically, plaintiff alleges that the officers conspired to create a plan to violate his civil rights. As the motive, strategy, planning, intent, and state of mind of the officers on the night of the incident is directly in issue, and of key importance, the defendants' counsel may inquire into their witnesses' knowledge of plaintiff's background up to the time of the incident, August 11, 1999. East Coast Novelty Co. v. NY, 842 F. Supp. 117, 120 (S.D.N.Y. 1994). This testimony is also relevant as it may shed light on the reasonableness of the officers' response - a burden carried by defendants. Graham v. O'Connor, 490 U.S. 386, 397 (1989) (defendant officers must prove their conduct was "objectively reasonable in light of the facts and circumstances confronting them.").

## II.  **Plaintiff's Prior Convictions**

Plaintiff also seeks to preclude admission of plaintiff's 2004 convictions for the burglary and murder. Both felonies fall within the meaning of Federal Rule of Evidence 609. Federal Rule of Evidence 609 provides, in pertinent part:

> (a) For the purpose of attacking the credibility of a witness,
>
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted. . .
>
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
>
> (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. . . .

Fed. R. Evid 609.

Federal Rule of Evidence 403 provides, in pertinent part:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, . . . .

Fed. R. Evid. 403.

Under Rule 609, felony convictions that meet the time limit requirement of 609(b) are presumptively admissible unless the probative value of the conviction is substantially outweighed by the danger of unfair prejudice. In balancing probative value against prejudicial effect under this rule, courts examine the

following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness.  Daniels v. Loizzo, 986 F. Supp. 245, 250 (S.D.N.Y. 1997); U.S. v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977).

In applying the balancing test, the Court finds that the probative value of these convictions for impeachment purposes is not substantially outweighed by the danger of unfair prejudice. Courts have found that convictions for robbery, which this Court parallels with burglary, are probative of a plaintiff's veracity. See United States v. Stevens, 2004 U.S. Dist. LEXIS 17892, at *8 (S.D.N.Y. 2004) ("Robberies by their very nature involve dishonesty and thus have an impact on the integrity and credibility of a witness."). Courts have also admitted convictions for violent crimes as impeachment evidence. See James v. Tilghman, 194 F.R.D. 402, 405 (D. Conn. 1999) (admitting conviction for, *inter alia*, robbery/burglary/carrying a dangerous weapon and unlawful discharge of firearm); Young v. Calhoun, 1995 U.S. Dist. LEXIS 4555, at *404 (S.D.N.Y. 1995) (finding conviction for murder probative of plaintiff's credibility because it "removes any misperception that plaintiff is a model citizen.") (citing Gora v. Costa, 971 F.2d 1325, 1330 (7th Cir. 1992)).

Convictions that are less than ten years old do not raise concerns about remoteness.  Additionally, as the credibility of

plaintiff will be a key issue in this case, this factor strongly favors admissibility of the convictions.  This entire case turns on purely a factual question, that is, which version of events the jury finds more credible.  Plaintiff and defendant officers have radically different versions of what transpired on the morning in question.  The jury, presented with these conflicting narratives, will have to determine who is telling the truth.  Plaintiff's credibility on the stand will be of utmost importance.  Daniels, 986 F. Supp. at 251 (favoring the introduction of convictions when plaintiff's credibility is central to the jury's findings).

All of these factors weigh strongly in favor of admission of the prior convictions.  However, the defendants may elicit only the date, crime charged, and the disposition from plaintiff, and may not question him about the details of any of these convictions, unless the plaintiff opens the door to further inquiry.  See James v. Tilghman, 194 F.R.D. 402, 405 (D. Conn. 1999).  The Court will, upon request, give a limiting instruction on the proper use of felony convictions for impeachment.

At the November 9th hearing, plaintiff's counsel stated that the motion in limine did not seek to preclude the convictions which resulted from plaintiff's shooting two police officers on August 11, 1999.  Therefore, the Court finds that these convictions will be admissible for both substantive and impeachment purposes.

III. Conclusion

For the reasons discussed above, the plaintiff's motion in limine is DENIED.

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [doc. # 53] on April 26, 2005, with appeal to the Court of Appeals.

SO ORDERED at Bridgeport this 10th day of November 2005.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE