```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


                                  :
AKOV ORTIZ                        :
                                  :
V.                                :   CIV. NO.  3:02CV1369 (HBF)
                                  :
J. EDWARD BRYMER in his           :
Official Capacity as Chief of     :
Police for Middletown, CT and     :
in his individual capacity        :
and POLICE OFFICER YEPES, in      :
his Official Capacity as          :
Police Officer for                :
Middletown, CT                    :
```

### RULING ON MOTION FOR JUDGMENT AS A MATTER OF LAW

On November 15, 2005, at the close of evidence in plaintiff's case, defendant J. Edward Brymer, orally moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). Chief Brymer contends that plaintiff did not present any evidence to establish a failure to train claim, that is, for the alleged inadequate training and/or supervision of Detective Yepes in the use of firearms and proper arrest procedures, pursuant to 42 U.S.C. § 1983.

Standard

Rule 50(a)(1) of the Federal Rules of Civil Procedure provides:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under controlling law be maintained or defeated without a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1).

The standard for granting judgment as a matter of law under Rule 50(a) (formerly called a motion for directed verdict) is a strict one.  Stubbs v. Dudley, 849 83, 85 (2d Cir. 1988), cert. denied, 109 S. Ct. 105 (1989); see  9A Wright & Miller §2537, at 347.  In ruling on a Rule 50(a) motion, the court must consider the evidence "in the light most favorable to the nonmovants," Sirota v. Solitron Devices, Inc., 673 F.2d 566, 573 (2d Cir. 1982), and may only grant the motion if "the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there could be but one conclusion as to the verdict that reasonable [persons] could have reached."  Id. (citing Simblest v. Maynard, 427 F.2d 1, 4 (2d Cir. 1970)); 9 James Wm. Moore, Moore's Federal Practice §50.02, 50-9 (3d Ed. 1997) (hereafter "Moore's")("[A] court may grant a motion for judgment as a matter of law if it determines that a reasonable jury could draw inferences from the evidence to support a finding in favor only of one party").

DISCUSSION

A.   Plaintiff's Failure to Train Claim Against Defendant, J. Edward Brymer

A supervisory official may not be held liable in a § 1983 action for the conduct of his employees solely on the basis of respondeat superior.  Monell v. Dept. of Social Serv., 436 U.S. 658, 694 (1978).  In order to hold a supervisory official liable

2

for the acts of his employees, the plaintiff must show that the "violation of [plaintiff's] constitutional rights resulted from a municipal policy or custom." Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 122 (2d Cir. 1991) (citations omitted).  An inference that a policy existed may be drawn from circumstantial evidence.  For example, a plaintiff may offer evidence that "a municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction."  Id. (citing City of Canton v. Harris, 489 U.S. 378, 388-92 (1989).  A plaintiff may also show that a policy existed by producing evidence that a supervisory official knew or should have known of constitutional violations but had failed to investigate or correct such conduct.  Id.

Therefore, to prevail on his "failure to train" claim, plaintiff must prove: (1) that a policymaker knew to a moral certainty that his/her employees would confront a given situation; (2) that either (a) the situation presents the employee with a difficult choice of the sort that training or supervision will make less difficult, or (b) there is a history of employees mishandling the situation; and (3) that the wrong choice by the city's police officers will frequently cause the deprivation of a citizen's constitutional rights.  Walker v. City of NY, 974 F.2d 293, 297-98 (2d Cir. 1992).

The Court concludes that Chief Brymer knew that his police officers would likely, at some point in their careers, be faced with a situation in which firearms would used or drawn and

arrests made. However, there is insufficient evidence in the record from which a reasonable jury could conclude 1) that there was a policy or procedure in effect for the Middletown Police Department which was improper or would lead to a violation of plaintiff's constitutional rights; 2) that there was a deliberate policy by the Middletown Police Department of failing to train its police officers in the use of firearms or proper arrest procedures; or 3) that, even if a problem with policy, training, and/or supervision were recognized, how that policy or procedure remained uncorrected and caused plaintiff's alleged injuries.

Plaintiff argues that the evidence elicited through his testimony and exhibits provides sufficient evidence to establish that the plan to arrest the plaintiff in the early morning hours of August 11, 1999 was improper, and that this "botched" plan demonstrates a failure to properly train Detective Yepes on the use of firearms and proper arrest procedures.

During the course of presenting his case, plaintiff offered into evidence statements by several participants in his apprehension, some of which referenced a plan developed to take plaintiff into custody in the open field near the school. These reports make no mention of any training, custom, or practice followed by the police officers. Also, these reports do not mention any involvement by Chief Brymer in the planning or execution of the events which unfolded during the night and early morning hours of August 10-11, 1999.

Through testimony, plaintiff offered an opinion that the officers went about his arrest in the wrong way. Plaintiff based this opinion on the fact that the plan was unsuccessful, and that it reminded him of events depicted on television shows, such as Law & Order. Plaintiff had no direct knowledge of the manner in which Detective Yepes was trained. Plaintiff's opinion regarding the plan was not based on any personal knowledge of practices and procedures of the Middletown Police Department, and he lacks the training and expertise to state an opinion about the conduct of Detective Yepes and the others. Except for a hearsay reference to "other situations", plaintiff did not testify to any prior notice provided to Chief Brymer that unconstitutional acts had previously been committed by Detective Yepes, or the others involved in his apprehension. Moreover, plaintiff did not testify that Chief Brymer was involved at all in the events that occurred on August 10-11, 1999.

As plaintiff has failed to offer any evidence from which a reasonable jury could conclude that Chief Brymer participated in any way in the preparation, planning, or arrest of plaintiff on August 11, 1999, or that there was a history known to Chief Brymer that the Middletown Police Department mishandled arrests in the past, Chief Brymer's motion for judgment is granted.

Plaintiff also argued that the Internal Affairs report prepared by the Connecticut State Police was sufficient evidence of the failure to train claim. However, the Internal Affairs report found that the practices and customs utilized by the

5

Middletown Police Department were proper and adequate.  Even if the Court were to find that the Internal Affairs report demonstrated municipal practices or customs which were inadequate and that Chief Brymer failed to remedy these inadequacies, plaintiff has failed to show any causal connection between this failure to remedy and the injuries allegedly suffered by him. See Sarus v. Rotundo, 831 F.2d 397, 400 (2d Cir. 1987).  The Internal Affairs report was issued subsequent to the events of August 10-11, 1999, and any alleged failure by Chief Brymer to remedy past policies and procedures would have been subsequent to the injuries suffered by plaintiff on August 11, 1999.  Plaintiff cannot establish any connection between Chief Brymer's alleged inadequacies and the alleged constitutional violation.  Without this causal connection, plaintiff's failure to train claim fails.

B.   The Verdict in Favor of Detective Jorge Yepes

Prior to the publication of this ruling, the jury returned a verdict in this case finding that Detective Yepes did not violate plaintiff's constitutional rights by the use of excessive force in effectuating his arrest on August 11, 1999.  This verdict, alone, nullifies any failure to train claim against Chief Brymer.

In the case of the City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986), the Supreme Court held that a municipality could not be held liable for the unconstitutional practices of its officers, if the responsible police officer was found not to have used excessive force.  The Court reasoned that, "[i]f a person has suffered no constitutional injury at the hands of the

individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point." Id.

The Second Circuit has followed this reasoning. "A municipality cannot be liable for inadequate training or supervision when the officers involved in making an arrest did not violate the plaintiff's constitutional rights." Curley v. Village of Suffern, 268 F.3d 65, 71 (2d Cir. 2001) (citing Amato v. City of Saratoga Springs, 170 F.3d 311, 320 (2d Cir. 1999); Ricciuti, 124 F.3d at 132; Dodd v. City of Norwich, 827 F.2d 1, 8 (2d Cir. 1987).

As the jury found that Detective Yepes did not violate plaintiff's constitutional rights, Chief Brymer could not be held liable as a supervisory official under a failure to train claim.

CONCLUSION

For the reasons stated, defendant's motion for judgment as a matter of law is **GRANTED** as to all of plaintiff's claims against defendant, J. Edward Brymer.

ENTERED at Bridgeport this 29th day of December, 2005.

                                            __/s/_____
                                            HOLLY B. FITZSIMMONS
                                            UNITED STATES MAGISTRATE JUDGE